Robert E. CARRIGAN, Plaintiff,
v.
CENTRAL ADJUSTMENT BUREAU,
INC., Defendant.

Civ. A. No. 79–495.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 16, 1980.

Frank L. Derrickson, Bowen, Derrickson, Goldberg & West, Atlanta, Ga., for plaintiff.

Robert E. Reily, III, Social Circle, Ga., for defendant.

## ORDER

ORINDA DALE EVANS, District Judge.

This action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, as well as a pendent claim under Fla.Stat.Ann. § 559.55, *et seq.*, is now before this Court on Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment.

On March 9, 1978, Defendant received a letter from Plaintiff in which Plaintiff directed Defendant to cease any further telephone communications with him. An employee of Defendant, Robert Scott, a/k/a Adcock, called Plaintiff on December 7, 1978, concerning payments owed to the University of Florida. Plaintiff owed a debt to the University of Florida for tuition under a federal grant. There appears to be some dispute as to whether Mr. Scott also called Plaintiff on December 9th and 11th of 1978. Mr. Scott a/k/a Adcock stated at his deposition that he never saw the letter from Plaintiff which his employer received on March 9, 1978, directing Defendant to cease any further telephone communications. Defendant's branch office in Tampa is licensed pursuant to Florida law but the Atlanta branch office is not licensed in Florida

in its own name. The telephone communications in question were made from Defendant's Atlanta branch office.

■ Plaintiff seeks partial summary judgment as to liability only at this time, stating that he will present evidence at a later date bearing on the issue of damages. This action is based primarily on a series of telephone communications made by Defendant, a debt collector, to Plaintiff, a consumer. Plaintiff contends that Defendant made such communications after being notified by him to cease and therefore the communications were in violation of 15 U.S.C. § 1692c(c). He also alleges that Defendant violated 15 U.S.C. § 1692g by failing to send him the required notice within five days of Defendant's first communication with him. Plaintiff further contends that Defendant violated Fla.Stat.Ann. § 559.55, *et seq.*, by doing business in Florida without having a proper license. Defendant responds in its Motion by arguing that no "debt" as defined by 15 U.S.C. § 1692a(5) exists in this case, that the "bona fide error" defense under 15 U.S.C. § 1692k(c) applies in this case, and that Defendant is properly licensed to do business in Florida.

Under the Act, "debt" is defined in 15 U.S.C. § 1692a(5) as:

. . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

A "debt" so defined is clearly involved in the present case. Plaintiff, while a student, incurred an indebtedness to the University of Florida in the form of a federal loan for tuition. As a student, Plaintiff acted as a "consumer" of educational services in securing an obligation to pay money arising out of a transaction in which the subject thereof was a "service," education, intended for Plaintiff's "personal" use.

Section 1692c(c) provides as follows:

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

Defendant has not suggested that its communication of December 7th qualifies as one of the three exceptions nor would the record support such a suggestion if made. Instead, Defendant argues that it is exempt from civil liability under 15 U.S.C. § 1692k(c) which reads:

A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional *and* resulted from a *bona fide* error *notwithstanding* the maintenance of *procedures reasonably adopted to avoid any such error.* (emphasis added).

Plaintiff contends that this Court should not consider the "bona fide error" defense because it constitutes an affirmative defense which was not raised in Defendant's responsive pleadings as required by Rule 8(c), Fed.R.Civ.P. The Court will consider such a defense at this time because it is likely that Defendant would be allowed to amend its Answer to include such a defense if it so moved.

Defendant argues that its communication with Plaintiff on December 7, 1978, was a

"bona fide error" under § 1692k(c). The Court will assume that the violation was unintentional by accepting as true Mr. Scott's statement that he never saw Plaintiff's letter, thereby suggesting that he was unaware of its existence. At trial Defendant would be required to show that it maintains "procedures reasonably adopted to avoid such error." *See Turner v. Firestone Tire and Rubber Co.*, 537 F.2d 1296, 1298 (5th Cir. 1976), for an analysis of 15 U.S.C. § 1640(c), which is nearly identical to 15 U.S.C. § 1692k(c). The only evidence provided by Defendant on this point is contained in Mr. Scott's deposition. At pages 37 and 38 of the transcript of his deposition, Mr. Scott stated that he did not believe that Defendant had any written rules or procedures governing the handling of mail but that it was "just understood" that employees would "go to the Post Office, pick up the mail, bring it back, sort it, pass it out to the appropriate collector." Mr. Scott also stated that Defendant distributes a Systems and Procedures Manual to its employees concerning how they handle collections but he did not think that the manual covered the handling of mail.

This Court finds that Defendant has failed to provide any evidence that it maintained proper procedures to avoid the error of Mr. Scott's being unaware of Plaintiff's letter which led to his calling Plaintiff in violation of 15 U.S.C. § 1692c(c). Therefore the "bona fide error" defense under § 1692k(c) is not available to Defendant.

■ The Court finds that Defendant also violated 15 U.S.C. § 1692g, which requires that a debt collector send the consumer a written notice concerning the validity of the debt within five days after the initial communication with the consumer. Plaintiff, in an affidavit, states that he was first contacted by Defendant on December 29, 1977, and never received any written notice subsequent to that date. Defendant has not disputed this allegation by Plaintiff. Therefore a violation of 15 U.S.C. § 1692g exists.

■ With respect to the pendent state claim, Plaintiff alleges that Defendant has violated Florida's Consumer Collection Practices Act, Fla.Stat.Ann. § 559.55, *et seq.* Specifically, Plaintiff contends that Defendant has violated § 559.57(1) which reads in pertinent part:

> Each person, prior to doing business within this state as a collection agency, shall file with the division a written application for a collection agency license, accompanied by the license fee . . . *all* collection agency branch offices *doing business within this state* shall obtain licenses. (emphasis added)

Section 559.55(8) states:

> "Doing business within this state" means entering the State of Florida physically to perform any activity included in the definition of a collection agency in subsection (4), or doing the same from within *or without the state* by telephone, telegraph, mail, or any other form of communication. (emphasis added)

One of the activities of a "collection agency" mentioned in § 559.55(4)(a) is the attempt to collect, or the collection of, consumer claims owed or alleged to be owed to another person. It is clear that Defendant's branch office in Atlanta, by communicating with Plaintiff in Florida about the collection of an alleged indebtedness, was "doing business within the state" of Florida for purposes of Fla.Stat.Ann. § 559.55, *et seq.* Therefore, pursuant to § 559.57(1), the Atlanta branch office was required to obtain from the state of Florida its own collection agency license. Although Defendant's Tampa office had a license, it appears from the record that the Atlanta branch office did not have its own license. This Court finds that Defendant has violated Fla.Stat.Ann. § 559.57(1).

In summary, the Court finds that Defendant has violated 15 U.S.C. § 1692c(c) and § 1692g as well as Fla.Stat.Ann. § 559.57(1). Therefore, Plaintiff's Motion for Partial Summary Judgment as to Defendant's liability is hereby GRANTED and Defendant's Motion for Summary Judgment is hereby DENIED. A hearing on

damages will be scheduled by the Court and the parties notified at a later date.

So ordered.