E. Steven DUTTON, Plaintiff,

v.

Robert C. WOLHAR and Wolhar and Gill, P.A., Defendants.

Vicki O'DELL, Plaintiff,

v.

Robert C. WOLHAR and Wolhar and Gill, P.A., Defendants.

Civ. A. Nos. 91–455 MMS, 91–478 MMS.

United States District Court,
D. Delaware.

Nov. 24, 1992.

S. Scott Lowicki of UAW Legal Services Plan, Newark, DE, for plaintiffs.

Robert C. Wolhar, Jr. of Wolhar & Gill, P.A., Georgetown, DE, for defendants.

OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

On August 16, 1991 E. Stephen Dutton filed suit against Robert C. Wolhar and Wolhar and Gill, P.A. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (1988). [Hereinafter "the FDCPA" or "the Act."] On August 30, 1991 Vicki O'Dell filed suit against the same defendants also alleging violations of the FDCPA. This Court has jurisdiction over both cases pursuant to 15 U.S.C. § 1692k (1988) and 28 U.S.C. § 1331 (1988). Although these cases have not been consolidated, in the interest of efficiency they will be considered together.

Both cases arise as a result of the attempt of defendant Robert C. Wolhar, Esq. ("Wolhar"), to collect from plaintiffs debts incurred by plaintiffs' now deceased parents. Plaintiffs allege three common violations of the FDCPA resulted from defendant's action. First, they assert defendants violated § 1692e(2)(A) of the Act by falsely representing "the character, amount, or legal status of any debt." Second, they claim that by using false representations or deceptive means to collect the alleged debts defendants violated § 1692e(10) of the Act. Third, they allege defendants violated § 1692e(11) of the FDCPA by failing to include required disclosure language in the collection letters defendant Wolhar sent plaintiffs.

In addition to these common violations, plaintiff Dutton alleges defendants threatened to take action that could not legally have been taken or that was not intended to be taken thereby violating § 1692e(5) of the FDCPA. Plaintiff O'Dell additionally claims defendants violated § 1692i by filing a collection suit against her in a county other than the one in which she resided and § 1692f by attempting to collect from her an amount not "expressly authorized by the agreement creating the debt or permitted by law."

Both plaintiffs request summary judgment be entered in their favor on the issue

of liability. For the reasons that follow, summary judgment on the issue of liability will be entered in favor of each plaintiff.

## I. FACTS

### a. Plaintiff Dutton

Plaintiff Dutton received a collection letter dated February 20, 1991, at his residence, 304 West 29th Street, Wilmington, Delaware, signed by Robert C. Wolhar, Esq., which indicated that a "Mr. Dutton" owed a debt of $1,527.98 to Comp–U–Dose Pharmacies. App. to Pl. Dutton's Opening Br. (Docket Item 21) [hereinafter "Dutton Dkt. 21"] at A–17. After the greeting "Dear Mr. Dutton:" the letter stated, "Please be advised that we represent the creditor-named above to which you are indebted in the above amount." The communication went on to demand payment of the debt and indicated that failure to satisfy the debt would result in the institution of legal proceedings. The heading of the letter showed the addressee as "Mr. Elbert Dutton, 304 West 29th Street, Wilmington, DE 19802." Dutton Dkt. 21 at A–5.

Plaintiff Dutton's full legal name is Elbert Stephen Dutton Jr. Dutton Dkt. 21 at A–18. He is commonly known as E. Stephen Dutton. *See generally* Dutton Complaint (Docket item 1) [hereinafter "Dutton Dkt. 1"]; Dutton Dkt. 21 at A–17–18. Plaintiff Dutton's now deceased father's name was Elbert Stephen Dutton, Sr. Mr. Dutton, Sr. resided at 709 East 17th Street, Wilmington, Delaware, until March of 1987. From March of 1987 until his death in July of that year, Mr. Dutton, Sr. resided at the Hillside House nursing home. Dutton Dkt. 21 at A–17–18. Apparently, the alleged debt was incurred by Mr. Dutton, Sr. during his stay at the nursing home. Dutton Dkt. 21 at A–19–20. Plaintiff Dutton denies that he is legally liable for the debt of his father. Dutton Dkt. 21 at A–17–18.

### b. Plaintiff O'Dell

Plaintiff O'Dell also received a collection letter from defendants. It was addressed to her at her home address. The letter demanded payment of an outstanding debt in the amount of $422.93. The remaining provisions of the letter were identical to those contained in the collection letter sent to plaintiff Dutton. *See* App. to Pl. O'Dell's Opening Br. (Docket item 16) [hereinafter "O'Dell Dkt. 16"] at A–6. Defendants do not contest the fact that plaintiff O'Dell, through her attorney, advised defendants that the debt the defendants sought to collect had been incurred not by plaintiff O'Dell, but by her now deceased mother. *See* O'Dell Complaint (Docket item 1) [hereinafter "O'Dell Dkt. 1"]; Answer (Docket item 6) [hereinafter "O'Dell Dkt. 6"]; O'Dell Dkt. 16 at A–24–25.

Notwithstanding receipt of the above, defendants subsequently filed suit against plaintiff O'Dell in the Justice of the Peace Court of the State of Delaware in Sussex County. O'Dell Dkt. 16 at A–32–33; O'Dell Dkt. 16 at A–68. That action was dismissed with prejudice when defendants failed to appear for the hearing. O'Dell Dkt. 16 at A–67.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Fed.R.Civ.P. 56(c). The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id.* at 248, 106 S.Ct. at 2510. A factual dispute is genuine if a "reasonable

jury could return a verdict for the nonmoving party." *Id.* Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party, once the movant has met its burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case. *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512.

## III. DISCUSSION

### a. General Applicability of 15 U.S.C. § 1692

Plaintiffs assert the defendants' attempts to collect from plaintiffs payments for debts incurred by plaintiffs' parents violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (1988). The purpose of the FDCPA is to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S.Rep. No. 382, 95th Cong. 1st Sess. 1–2 *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1696. The FDCPA does this primarily by regulating the manner and timing of debt collectors' contacts with alleged debtors and others. The Act contains a civil enforcement mechanism which provides that "any debt collector who fails to comply with any provision of [the Act] with respect to any person is liable to such person...." 15 U.S.C. § 1692k (1988). Plaintiffs in this case seek damages pursuant to this provision.

The FDCPA's regulations apply to "debt collectors." "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (1988). Defendants concede they are "debt collectors" within the meaning of the Act.

Although defendants do not contest that they are subject to the requirements of the FDCPA, they dispute the ability of plaintiff Dutton to enforce the provisions of the Act. They deny any possibility of liability to plaintiff Dutton on the ground that Dutton is not a "consumer" under the statute. The Act defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3) (1988). Defendants contend that no letter was sent to plaintiff Dutton demanding that he pay the debt incurred by his father. They assert that the demand letter was addressed only to plaintiff's father, Elbert Dutton. Because the demand letter was sent to plaintiff's father, rather than plaintiff himself, defendants' argument continues, plaintiff has not been alleged to owe the debt and is, therefore, not a "consumer." There is no need to tarry over the issue of whether the letter was addressed to plaintiff's father because even if it were, defendants' argument fails for two reasons. First, recovery under the FDCPA is not limited to "consumers." Second, even if the Act's remedies were so limited, by defendants' own admissions, plaintiff Dutton is a "consumer" within the meaning of the statute.

■ A reading of the plain language of the Act demonstrates that § 1692k does not limit recovery to "consumers." Instead, it imposes liability where a debt collector has failed to comply with the Act with respect to "any person." 15 U.S.C. § 1692k (1988). In addition, none of the sections of the Act before this Court on Dutton's motion for summary judgment limits its proscriptions to "consumers." *See* 15 U.S.C. §§ 1692e(2)(A), e(5), e(10) and e(11) (1988).

The legislative history of the FDCPA supports this reading of the Act. As noted by House Report 95–131:

This bill also protects people who do not owe money at all. In the collector's zeal,

collection effort are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal. Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this ... bill. H.R.Rep. No. 131, 95th Cong. 1st Sess. 8. It was Congress's intent to protect people other than debtors, such as plaintiff Dutton, who are subject to harassment by debt collectors. *See also* S.Rep. No. 382, 95th Cong. 1st Sess. 4 *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1699 (noting one purpose of Act is to prevent debt collectors from "dunning the wrong person...."); H.R.Rep No. 1202, 94th Cong.2d Sess. 5 ("Certainly a person who has a common name and is being hounded by a debt collector because of the debts of another person deserves the protection this legislation will offer.").

In *West v. Costen*, 558 F.Supp. 564 (W.D.Va.1983), the District Court held, at least with respect to an action under § 1692e(2)(A), that a parent who received a letter demanding that her son pay a debt he allegedly owed could recover even though she was not a "consumer" within the meaning of the Act. *Id.* at 584. The rationale behind the court's decision was that "section 1692e(2)(A) and (B) does not protect only consumers; rather, it is designed to discourage certain debt collection practices." *Id.*

The plain language of the Act, legislative history and prior judicial decision demonstrate Dutton is not precluded from recovering under the FDCPA even if he is not technically a "consumer" by virtue of the fact that the letter was addressed to his father rather than to him.

Defendants' argument also fails because even if the FDCPA only permitted suits by "consumers," plaintiff Dutton would still have a viable claim under the Act. Defendants' contention that plaintiff Dutton is not a "consumer" is grounded on their assertion that defendants never demanded payment from plaintiff. This is countered, however, by defendants' own admission that they did demand plaintiff pay the debt in question. Paragraph 6 of plaintiff Dutton's complaint asserted, "On February 20, 1991, a letter was sent from Defendants to plaintiff demanding payment of a debt allegedly due Comp–U–Dose." Dutton Dkt. 1. Defendants responded, "Admitted." Dutton Dkt. 5. Thus, by their own admission, plaintiff is one whom defendants have alleged owes the debt in question thereby rendering plaintiff a "consumer" within the meaning of § 1692a(3).

From what has been said above, it follows Dutton may invoke the civil enforcement provision of the Act.

b. Violation of § 1692e(2)(A)

Both plaintiffs assert defendants violated 15 U.S.C. § 1692e(2)(A) which prohibits debt collectors from employing any "false, deceptive, or misleading representation or means in connection with the collection of any debt." The prohibited acts include "[t]he false representation of—(A) the character, amount, or legal status of any debt...." Plaintiffs allege the demand letters represented plaintiffs were legally obligated to pay the debts of their parents when legally they were not. In determining whether defendants have violated § 1692e(2)(A), this Court must first determine what representation was made by defendants' letters. Based on this finding, the Court must then decide whether such representation falsely represented the character or legal status of the debt. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1176 (11th Cir.1985).

i. *Determination of Defendants' Representation*

■ Whether defendants' letters represented that plaintiffs were legally responsible for the debt of their parents is measured by the "least sophisticated debtor" test. This standard applies in determining if defendants' communications were false, deceptive or misleading within the meaning of § 1692e. *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir.1988); *Beattie v. D.M.*

*Collections, Inc.,* 754 F.Supp. 383, 392 (D.Del.1991). This standard is more rigorous than an examination of whether a "reasonable consumer" would find a debt collectors' communications false, deceptive or misleading. Its adoption was intended to further the main goal of the FDCPA, consumer protection. *Jeter,* 760 F.2d at 1173 (acknowledging purpose of protecting the "ignorant, the unthinking and the credulous") (quoting *Florence Mfg. Co. v. J.C. Dowd & Co.,* 178 F. 73, 75 (2d Cir.1910)).

The letter received by Ms. O'Dell was sent to her at her residence. It was addressed to her and states "[W]e represent the creditor-named above to whom you are indebted in the above amount." O'Dell Dkt. 16 at A–6. Plaintiff has since alleged that this debt was incurred not by her, but by her mother. Defendants do not dispute the debt was incurred by O'Dell's mother, not O'Dell. The Court must discern what such an occurrence would mean, not to the average debtor, but to the least sophisticated debtor. The issue then becomes, what would a least sophisticated debtor believe to be the import of a letter which was addressed to her and received at her home, and informed her she owed $422.93? The statement of the issue supplies the answer. The least sophisticated debtor would take it to mean that she was legally obligated to satisfy this debt.

The characterization of the representation contained in the letter received by plaintiff Dutton is less clear. This letter was addressed to "Mr. Elbert Dutton" at the address of the plaintiff. Plaintiff's father's name was Elbert Steven Dutton, Sr. Dutton Dkt. 21 at A–17. Plaintiff's name is Elbert Steven Dutton, Jr., Dutton Dkt. 21 at A–17–18, but he apparently uses the name E. Steven Dutton. *See* Dutton Dkt. 21 at A–17–18. After the greeting "Dear Mr. Dutton," the letter contains the same statement as appeared in the O'Dell letter. Again, the debt was allegedly incurred not by plaintiff, but by his father.

■ Plaintiff Dutton contends that under the present facts the least sophisticated consumer would be mislead into believing that he was legally obligated for the debt created by his father. Dutton has placed nothing in the record, however, to indicate that the least sophisticated debtor would be mislead. Although the standard is not what Dutton believed, his testimony that he believed the letter was addressed to him and mislead him would be probative of the issue whether the least sophisticated debtor would be mislead. *Jeter,* 760 F.2d at 1177 (fact alleged debtor hired lawyer to defend against possible legal action by debt collector may be relevant to determination whether least sophisticated consumer would believe debt collector's communications constituted more than mere empty threats to recommend legal action at some undetermined point in distant future).

The record lacks sufficient facts for this Court to determine whether an unsophisticated consumer would have believed himself obligated for the debt incurred by his father.

### ii. *Misrepresentation of Character or Legal Nature of Debt*

In the case of plaintiff O'Dell, since the Court has determined that an unsophisticated consumer would believe the letter to represent that she was legally responsible for the debt of her mother, this Court must now decide whether this is a false representation of the character or legal status of the debt.

■ Defendants assert that they have not misrepresented the character or legal status of the debt because plaintiff is legally obligated to satisfy the debts of her mother by virtue of Del.C.Ann. tit. 13 § 503 (1980). That provision of the state's domestic relations law provides:

> Except as expressly provided in § 501 and § 502 of this title, the duty to support a poor person unable to support himself rests upon his spouse, parents, or children, in that order, subject to § 504 of this title as to expenses described therein. If the relation prior in order shall not be able, the next in order shall be liable, and several relations of the same order shall, if able contribute according to their means.

*Id.* On its face the statute appears to have prerequisites to its application. It specifies that before a child is required to support her parent a showing must be made that the parent is a "poor person," and that support of the parent has first been sought from both the parent's spouse and her parents.

Defendants here have not provided any support in the record for their assertion that Del.C.Ann. tit. 13 § 503 applies in the instant situation. Defendants did not plead the statute upon which they now rely. Further, they made no showing that plaintiff's mother was a "poor person" or that defendants had first sought satisfaction of the debt from plaintiff's mother's spouse or parents. The Court entertains serious doubt both as to the constitutionality and applicability of Del.C.Ann. tit. 13 § 503 as sought to be utilized by defendants. Those doubts need not be resolved because defendants have made no showing of record that they are entitled to its benefit. Accordingly, defendant will not be permitted to urge Del.C.Ann. tit. 13 § 503 in defense of O'Dell's claim against them.

O'Dell has demonstrated that an unsophisticated consumer would have believed herself obligated to pay a debt she did not incur. Defendants have failed to show there is a genuine issue of fact as to plaintiff O'Dell's legal obligation to pay the debt incurred by her mother. Partial summary judgment will, therefore, be entered in favor of O'Dell on her claim that defendants violated of § 1692e(2)(A). An issue of fact exists as to whether an unsophisticated consumer, upon receiving defendants' letter to plaintiff Dutton, would believe himself legally obligated to pay the debt incurred by his father. Dutton's motion for partial summary judgment on defendants' alleged § 1692e(2)(A) violation will be denied.

### c. Violation of § 1692e(5)

Plaintiff Dutton asserts that defendants have violated § 1692e(5) which prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15

U.S.C. § 1692e(5) (1988). He first alleges that defendants' letter represented that defendants would hold Dutton legally responsible for the debt of his father although defendants had no legal basis for doing so. As previously discussed, however, plaintiff has not provided adequate proof that defendants' letter represented that plaintiff was legally responsible for his father's debt. Because Dutton has not shown that defendants' letter threatened pursuit of plaintiff for the debt of his father when defendants could not legally do so, summary judgment will be denied on this issue.

Plaintiff Dutton also contends defendants threatened to take action they had no intention of taking. Defendants' letter threatened that if plaintiff did not satisfy the outstanding debt, or make arrangements to do so within thirty days, defendants intended to institute legal proceedings against him. Dutton Dkt. 21 at A–5. Plaintiff asserts that because the document sent to him was a form letter, defendants did not in fact intend to promptly institute legal proceedings. Statements of defendants' intent given at the deposition of defendant Wolhar contradict plaintiff's assertion. In response to plaintiff's question, "So at the time you sent this letter you intended to institute legal proceedings?" defendant Wolhar replied, "If the debt was not paid or if there was not a valid dispute or if suitable arrangements weren't made to pay the debt, that's correct." Dutton Dkt. 21 at A–73. Because it appears from the record that defendants did intend to institute legal proceedings against plaintiff unless the matter was resolved to their satisfaction, a factual dispute, appropriate for determination by a jury, exists on this issue. Dutton's motion for summary judgment on liability under § 1692e(5) will therefore be denied.

### d. Violation of § 1692e(11)

Section 1692e(11) requires debt collectors to "disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will

be used for that purpose." 15 U.S.C. § 1692e(11) (1988). Failure to include such language constitutes a violation of the Act. *Emanuel v. American Credit Exchange,* 870 F.2d 805, 808 (2d Cir.1989); *Hulshizer v. Global Credit Services, Inc.,* 728 F.2d 1037, 1038 (8th Cir.1984).

It is uncontested that defendants failed to include this statement in their letters to both plaintiffs. O'Dell Dkt. 16 at A–29. Defendants, however, claim the protection of § 1692k of the FDCPA which provides a defense for debt collectors who violate the Act if "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c) (1988).[1] Where defendants maintain "extensive systems" designed to prevent errors, the unintentional violation of the Act will not result in liability. *Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383, 389–90 (D.Del.1991); *Howe v. Reader's Digest Ass'n,* 686 F.Supp. 461, 467 (S.D.N.Y.1988). Mere inadvertency is not sufficient to provide a defense. Defendant has the burden of demonstrating the maintenance of such procedures. *Seabrook v. Onondaga Bureau of Medical Economics, Inc.,* 705 F.Supp. 81, 87–88 (N.D.N.Y.1989); *Carrigan v. Central Adjustment Bureau,* 494 F.Supp. 824, 827 (N.D.Ga.1980).

In *Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383 (D.Del.1991), this Court determined the defendant debt collection agency had come forward with the preponderance of evidence required to show it was entitled to this statutory defense. There, the defendant provided evidence that its employees were furnished with various editions of the *Fair Debt Collection Practices Manual,* that its employees periodically attended

seminars on FDCPA compliance, that the defendant company had prepared a three page memorandum entitled "Statement of Collection Policy for Fair Debt Collection Practices Act," and that cards containing the required § 1692e(11) language were posted over every telephone in the collection office. *Beattie,* 754 F.Supp. at 389.

Unlike the debt collector in *Beattie,* the defendants in the present case have failed to show they maintained procedures designed to assure statutorily required advice was contained in the initial collection communication. The defendants have come forward with scant affidavit evidence of any "procedures." Defendant Wolhar's affidavit merely indicates that he is "a member of the Commercial Law League of America and receives its monthly publication dealing with collection matters and the Act." Wolhar Affidavit (Dutton Docket item 23) [hereinafter "Dutton Dkt. 23"]. This stands in stark contrast to the procedures demonstrated by the defendant in *Beattie* and is not sufficient to constitute proof by a preponderance of the evidence that defendants maintain procedures designed to prevent the instant violations of the Act.

There is no dispute that defendants violated § 1692e(11). Defendants have no viable defense to plaintiffs' claim. Partial summary judgment will be entered for plaintiffs on this issue.

### e. Violation of § 1692i

Plaintiff O'Dell also argues defendants violated the FDCPA by filing a collection suit against her. She asserts that defendants filed suit against her in a "judicial district or similar legal entity" other than the one in which she resided at the commencement of the action in violation of § 1692i.[2]

---

**1.** The Court notes that this constitutes an affirmative defense that should have been raised in defendants' pleadings.

**2.** Section 1692i provides in pertinent part:
(a) Any debt collector who brings any legal action on a debt against any consumer shall—
(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a

judicial district or similar legal entity in which such real property is located; or
(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
(A) in which such consumer signed the contract sued upon; or
(B) in which such consumer resides at the commencement of the action.

■ The issue posed by her position is one of first impression under the FDCPA. Plaintiff O'Dell is a resident of New Castle County Delaware. Defendants filed suit against her in Justice of the Peace Court No. 17, located in Sussex County, Delaware. O'Dell Dkt. 16 at A-67-68. Although the Act prohibits a debt collector from filing a collection suit in a "judicial district or similar legal entity" other than the one in which the alleged debtor resided, it nowhere defines the term "judicial district or similar legal entity."

Plaintiff argues Sussex County is a different "judicial district or similar legal entity" than New Castle County. In effect plaintiff urges the Court to find that, in Delaware, a county is the relevant legal geographic "entity" for purposes of § 1692i. Defendants, in turn, focus on the term "judicial district" and assert that New Castle and Sussex Counties are within the same "judicial district." They refer to the single federal judicial district and maintain that with respect to Justice of the Peace Courts, the State of Delaware is comprised of only one judicial district.

Contrary to defendants' position, examination of the Act's purpose leads to the conclusion that the term "judicial district or similar legal entity" refers to state, rather than federal, judicial districts or other legal entities. Congress indicated the purpose of § 1692i is to prevent debt collectors from bringing collection suits in forums located at great distances from debtors' residences. S.Rep. No. 382, 95th Cong. 1st Sess. 5 *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1699. Since federal judicial districts or legal entities are more likely to be much larger than correlative state units, looking to state rather than federal judicial districts or legal entities is more likely to further Congress's goal of preventing the filing of debt collection suits at great distances from debtors' residences. In addition, Congress wanted to prevent forum abuse and surely knew the prevalent practice among debt collectors is to bring suit in state court. *See* FTC Informal Staff Letter to Brown, February 14, 1989. It follows that when Congress referred to "judicial district or similar legal entity" it did not mean federal judicial districts. This conclusion is in accord with the Federal Trade Commission interpretation of this phrase. FTC Informal Staff Letter to Brown, February 14, 1989. Although FTC Informal Staff letters are not binding on this Court, the Court may give them some weight in interpreting the FDCPA. *Staub v. Harris*, 626 F.2d 275, 279 (3d Cir.1980).

■ Having decided that this Court must look to state judicial districts or legal entities in interpreting § 1692i, the Court must now determine the meaning of "judicial district or similar legal entity." The Delaware Code does not define Justice of the Peace Courts in terms of judicial districts. The Code, however, does refer to similar legal entities, specifically counties. Del.Code Ann. tit. 10 § 9206 (1975 and Supp.1990) ("Each justice shall serve in the county in which he resides...."). Although in Delaware civil actions may generally be brought in a county other than the one in which the defendant resides, 10 Del.Code Ann. tit. 10 § 9302 (1975), the term "judicial district or similar legal entity" in § 1692i appears to provide that when such action is one to collect a debt, institution of suit is limited to the county in which the alleged debtor resides or signed the contract forming the basis of the debt.

This is consistent with the legislative history of the Act. Senate Report 382 provides that by enacting § 1692i Congress intended to adopt the "fair venue standards" developed by the Federal Trade Commission. S.Rep. No. 382, 95th Cong. 1st Sess. 5 *reprinted in* 1977 U.S.Code Cong. & Admin.News 1699. Those standards permit a debt collector to sue to on a debt only in the *county* in which the alleged debtor resides or signed the contract upon which the suit is premised. *In re New Rapids Carpet Center, Inc.*, 90 F.T.C. 64 (1977); FTC Informal Staff Letter to Schwulst, September 12, 1988.

There is no dispute defendants brought a collection suit against O'Dell in a county other than the one in which she resides. Because this Court has determined such action violated § 1692i of the Act, O'Dell's

motion for partial summary judgment is granted with respect to defendants' liability under § 1692i of the FDCPA.

f. Violation of § 1692f

 Plaintiff O'Dell also urges defendants' collection suit violated § 1692f which prohibits "(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f (1988). When defendants filed suit against O'Dell, they included in the amount they sought to recover $24.00 in costs they incurred by filing the action.[3] Plaintiff contends this amount was neither expressly authorized by the agreement nor permitted by law.

There is no assertion that collection of this additional amount was expressly authorized by the agreement creating the debt. The issue therefore becomes whether it was permitted by law. This Court holds that it was not and thus finds for plaintiff on her claim.

Section 9541 of title 10 of the Delaware Code expressly authorizes Justice of the Peace Courts to assess costs in favor of a party who recovers judgment. Del.Code Ann. tit. 10 § 9541 (1975). That authorization, however, is limited by section 5102 which provides:

> Except where a plaintiff sues a citizen who resides within the city limits of Milford or within 3 miles of said limits and the suit is filed in Justice of the Peace Court No. 5 in Milford, wherever suit is brought in any civil action excepting action where the venue is by law local, against any citizen of this State, in any other county than that wherein such citizen resides at the time of the inception thereof, the plaintiff shall not recover his costs and such costs shall not be payable by the defendant nor collectible by execution process.

Del.Code Ann. tit. 10 § 5102 (Supp.1990).

Section 5102 mandates that where, as here, a debt collector brings suit against an alleged debtor in Justice of the Peace Court in a county other than one in which the alleged debtor resided at the time of filing, the Justice of the Peace Court may not assess costs against the alleged debtor. Because assessment of such costs in this case would not have been permitted by law, defendants' attempt to recover these costs from O'Dell violated § 1692f of the FDCPA.

Partial summary judgment on the issue of liability is, therefore, granted in favor of plaintiff on her claim defendants violated 15 U.S.C. § 1692f.

g. Violation of § 1692e(10)

 Section 1692e(10) of the FDCPA prohibits debt collectors from using any "false representation or deceptive means to collect a debt or to obtain information concerning a consumer." Plaintiff O'Dell asserts defendants violated this provision of the act by 1) failing to include the warning communication required by § 1692e(11); 2) attempting to collect from O'Dell a debt incurred by her mother; 3) filing suit against plaintiff in a county other than that in which she resided; and 4) requesting recovery of court costs upon filing the collection action against plaintiff. None of these allegations is distinct from those already raised by O'Dell as claimed violations of other sections of the Act. In *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 394 (D.Del.1991), this Court determined that a mere reallegation of violations of other sections of the FDCPA is not sufficient to constitute a violation of § 1692e(10). Because O'Dell has failed to assert any action by defendant not already specifically addressed by other provisions of the FDCPA, her motion for partial summary judgment under § 1692e(10) will be denied.

 Plaintiff Dutton, however, does allege conduct distinct from that proscribed elsewhere in the Act. He claims defendants used false representations or deceptive means when they informed him that if

---

**3.** The order issued to summon O'Dell by Justice of the Peace Court No. 17 indicates that defendants' demand was for $422.93 plus interest and $24.00 costs. O'Dell Dkt. 16 at A–68.

he did not pay the debt a judgment would be obtained against him. Plaintiff's claim rests upon the following language in defendants' demand letter:

> If [the debt] is not paid in full by the date [specified] or if suitable arrangements are not made to pay the debt in full, then legal proceedings will be promptly instituted against you. *Once judgment is obtained,* we will issue either a wage attachment or request the Constable or Sheriff to seize your property to satisfy the judgment.

Dutton Dkt. 1 (emphasis added). Plaintiff argues this language represented that if plaintiff did not satisfy the debt, judgment against him was inevitable. Because judgment against him was not inevitable, plaintiff asserts, this language constituted a false representation or a deceptive means of attempting to collect an alleged debt.

In determining whether defendants have violated § 1692e(10), this Court must determine whether defendants' letter would have caused the least sophisticated consumer to believe that a judgment against him was inevitable. *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985); *Riveria v. MAB Collections,* 682 F.Supp. 174, 178 (W.D.N.Y.1988); *Kimber v. Federal Financial Corp.,* 668 F.Supp. 1480, 1488–89 (M.D.Ala.1987). The language of the letter is susceptible to two plausible interpretations. Read in isolation, use of the phrase "once judgment is obtained" rather than some similar language such as "if judgment is obtained," implies that defendants would necessarily obtain judgment against the alleged debtor. A more subtle reading, however, might find this language represents defendants would institute legal proceedings against the alleged debtor in which they might be successful, and in the event defendants were to prevail, once they obtained judgment, they would attempt to satisfy such a judgment by garnishment or attachment. Such a reading would not indicate judgment against plaintiff was inevitable.

When analyzed in light of the least sophisticated debtor standard, the fact that this language is susceptible to two plausible interpretations leads this Court to find in favor of plaintiff. The least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations. Such a debtor would believe this language represents that judgment would inevitably be obtained against him when in fact such an outcome would not be inevitable.

When measured by the least sophisticated standard, defendants' use of the phrase "once judgment is obtained" falsely represents defendants' ability to secure judgment against Dutton. Defendants have therefore violated § 16923(10) of the FDCPA and Dutton will be granted partial summary judgment on this issue.

## IV. CONCLUSION

Partial summary judgment on the issue of liability will be entered for both plaintiffs on their motions. Both plaintiffs have met their burden of proving defendants' failure to include the warning language of § 1692e(11) and defendants have failed to meet their burden of proving a bona fide error defense making entry of partial summary judgment in favor of both plaintiffs appropriate as to this issue. O'Dell will also be granted partial summary judgment on the issue of liability as to her claim defendants violated § 1692f which prohibits the collection of any amount other than that authorized by the agreement creating the debt or permitted by law. Partial summary judgment will be entered in favor of O'Dell on her claim that defendants violated § 1692i by bringing a collection suit against her in a county other than the one in which she resided. Partial summary judgment will also be entered for O'Dell on her claim that defendants misrepresented the character or legal status of the alleged debt in violation of § 1692e(2)(A). Dutton's claim on this issue will be denied. Partial summary judgment will be granted on Dutton's claim defendants violated § 1692e(10) by employing false representations or deceptive means in attempting to collect an alleged debt from him.

Dutton's motion for partial summary judgment on his claim that defendants threatened to take action that could not

**1142**

legally be taken or was not intended to be taken in violation of § 1692e(5) will be denied. Partial summary judgment will be denied as to O'Dell's claim that defendants violated § 1692e(10) by employing false representations or deceptive means in their debt collections practices.