Geraldine RAWLINSON,
Plaintiff–Appellant,

v.

LAW OFFICE OF WILLIAM M. RU-
DOW, LLC, now known as Rudow
Law Group, LLC, Defendant–Appel-
lee.

No. 10–2148.

United States Court of Appeals,
Fourth Circuit.

Argued: Dec. 8, 2011.

Decided: Jan. 5, 2012.

Ernest Francis, Arlington, Virginia, for Appellant. Ronald S. Canter, The Law Offices of Ronald S. Canter, LLC, Rockville, Maryland, for Appellee.

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Reversed and remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geraldine Rawlinson appeals from an order dismissing her complaint for failure to state a claim against the Law Office of William M. Rudow, LLC ("Rudow Law") under the Fair Debt Collection Practices Act ("FDCPA") or the Maryland Consumer Debt Collection Act ("MCDCA"). Rawlinson contends that the district court erred in holding that she could not sue for relief under these statutes because she did not owe the debt that Rudow Law sought to collect. We agree and so reverse.

I.

Rawlinson's suit arises out of a replevin action against Rawlinson and her nephew, Aaron Moore, filed by Rudow Law on behalf of WFS Financial, Inc. in the District Court of Maryland for Prince George's County in January 2009. According to the replevin complaint, WFS Financial loaned Moore $34,105.00 for the purchase of a Mercedes–Benz motor vehicle. The loan contract granted WFS Financial a security interest in the vehicle and provided that Moore would make periodic payments on the loan at eight percent interest. Moore subsequently defaulted on his payments, entitling WFS Financial to repossess the vehicle as the collateral on the loan. The replevin complaint alleges that Moore owed WFS Financial "loan principal in the amount of $25,985.11, interest in the amount of $5,984.84, late and other charges in the amount of $374.96, and reasonable attorney fees in the amount of $3,897.77." The complaint further alleges that "Moore and/or Rawlinson" possessed the vehicle, that WFS Financial had "demanded that Moore and/or Rawlinson return the vehicle," and that they had refused to do so. Accordingly, the complaint names Rawlinson and Moore as defendants and demands from them the return of the vehicle and damages for its retention in the amount of $20,100.00.[1] Rudow Law, a law firm hired by WFS Financial to recover the vehicle, served Rawlinson with this replevin complaint on March 2, 2009.

Rawlinson subsequently filed suit against Rudow Law under the FDCPA and the MCDCA in the Circuit Court for Prince George's County, Maryland. Rudow Law removed the case to federal court. In her complaint, Rawlinson alleges that on April 16, 2009, the state court dismissed the replevin action as to her because Rudow Law failed to present any evidence that she possessed the vehicle or had any liability to WFS Financial. She attaches to her complaint the complaint in the replevin action and two letters from Rudow Law to her counsel. In one of these letters, Rudow Law explained that it had named Rawlinson as a defendant in the replevin action because she stated that Moore lived with her and, therefore, "she

---

1. The complaint does not explain what the $20,100.00 figure represents.

would also have reasonably been in possession of, or known the location of, the subject vehicle." Rawlinson alleges that the replevin action, as well as the two letters, violated various provisions of the FDCPA and the MCDCA.

In an oral ruling, the federal district court dismissed the action, holding that Rawlinson could not recover because she neither owed the debt nor had any financial interest in the vehicle. Rawlinson noted this appeal. We review *de novo* the judgment of the district court granting Rudow Law's motion to dismiss the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir.2011).

## II.

## A.

■ By enacting the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).[2] The statute defines "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes . . . ." 15 U.S.C. § 1692a(5). As a threshold issue, we must determine whether the replevin action, which sought possession of the vehicle and money damages, constitutes the collection of a "debt" within the meaning of the statute. Our holding in *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373, 375–76 (4th Cir.2006), requires that we conclude it does.

In *Wilson*, we held that a proceeding to foreclose on real property constituted the collection of a "debt" under the FDCPA. We explained that it would "create an enormous loophole" in the FDCPA if we immunized from its reach any debt that "happened to be secured by a real property interest" and in which "foreclosure proceedings were used to collect the debt." *Id.* at 376. We found "no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods." *Id.* Thus, *Wilson* held that the method by which a debt collector seeks to satisfy a debt does not determine whether a "debt" exists under the FDCPA. *Id.* (quoting *Piper v. Portnoff Law Assoc.*, 396 F.3d 227, 236 (3d Cir.2005) ("We agree with the District Court that if a collector were able to avoid liability under the [Act] simply by choosing to proceed *in rem* rather than *in personam*, it would undermine the purpose of the [Act].")).

*Wilson* controls here and it mandates that we hold that a debt secured by personal property is subject to the FDCPA requirements just as *Wilson* held that a debt secured by real property is subject to these requirements. In the complaint filed in the replevin action, Rudow Law, on behalf of WFS Financial, asserted that Moore owed WFS Financial a "debt." Under *Wilson*, pursuing a replevin action to seek recovery of the vehicle and monetary damages—rather than only seeking direct payment of the loan—constitutes an effort to collect the "debt" under the FDCPA. To hold otherwise would create the loophole in FDCPA protections for debt secured by personal property that the *Wilson* court expressly eschewed for debt secured by real property.[3]

---

2. Rudow Law does not argue that it falls outside the statutory definition of "debt collector."

3. Rudow Law seeks to distinguish *Wilson* on the ground that the debt collector in that case made specific demands for payment before initiating the foreclosure proceedings. We do not read *Wilson* to ground its holding on the

Furthermore, to the extent that Rudow Law contends that a replevin action is not within the ambit of the FDCPA because replevin sounds in tort and tort claims are not "debts" under the FDCPA, this argument fails. The historic state law characterization of replevin as a tort action cannot defeat the FDCPA protection from abusive debt collection efforts. *Wilson* makes clear that a court should look beyond the label of the debt collection practice to determine whether a "debt" is being collected. The fact that Maryland law characterizes replevin as an action sounding in tort does not bring the action outside of the reach of the FDCPA.

We note that the cases on which Rudow Law relies to argue that tort judgments are not "debt" under the FDCPA involve conventional tort claims in which the liability arises from tortious activity, not from a consensual transaction. *See e.g., Fleming v. Pickard,* 581 F.3d 922 (9th Cir.2009) (tortious conversion); *Turner v. Cook,* 362 F.3d 1219 (9th Cir.2004) (business interference torts); *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367 (11th Cir.1998) (car accident). By contrast, here, Moore and WFS Financial entered into a consensual loan agreement of exactly the kind covered by the FDCPA. *Cf. Zimmerman v. HBO Affiliate Grp.,* 834 F.2d 1163, 1168–69 (3d Cir.1987) ("We find that the type of transaction which may give rise to a 'debt' as defined in the FDCPA is … one involving the offer or extension of credit to a consumer. Specifically it is a transaction in which a consumer is offered or extended the right to acquire 'money, property, insurance, or services' which are 'primarily for household purposes' and to

defer payment."). Thus, Rudow Law's attempts to enforce that loan agreement through a replevin action fall within the coverage of the FDCPA.

## B.

■ Next, Rudow Law argues that even if the replevin action sought to collect a "debt," Rawlinson cannot state a claim under the FDCPA because the "debt" at issue is that of her nephew, Moore, not Rawlinson herself. The district court agreed, holding that Rawlinson was not a proper plaintiff under the FDCPA. In doing so, the court erred.

The enforcement provision of the FDCPA imposes liability on any debt collector who fails to comply with the statute's provisions "with respect to *any* person." 15 U.S.C. § 1692k(a) (emphasis added). Consequently, absent a limitation in the substantive provisions of the FDCPA, any aggrieved party, not just a debtor, may bring an action under the statute. *Cf. Wright v. Fin. Serv. of Norwalk, Inc.,* 22 F.3d 647, 649–50 (6th Cir. 1994); *see also Beck v. Maximus, Inc.,* 457 F.3d 291, 294 (3rd Cir.2006) (noting that the FDCPA "is intended to protect both debtors and non-debtors from misleading and abusive debt-collection practices"). The legislative history of the FDCPA endorses this reading of the statute:

> This bill also protects people who do not owe money at all. In the collector's zeal, collections effort[s] are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they

---

existence of these demands. Moreover, the replevin action seeks monetary damages in addition to possession of the vehicle. This request for damages, in and of itself, may constitute an allegation of an "obligation to pay money" within the FDCPA's definition of

"debt." The state law characterization of damages in a replevin action as tort damages does not automatically bring them outside of the FDCPA's definition of "debt," where, as here, the record does not explain what those damages represent.

deal. Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this ... bill.

*Dutton v. Wolhar,* 809 F.Supp. 1130, 1134–35 (D.Del.1992) (quoting H.R.Rep. No. 131, 95th Cong. 1st Sess. 8) (holding that, in enacting the FDCPA, "[i]t was Congress's intent to protect people other than debtors ... who are subject to harassment by debt collectors").

Furthermore, at least three of the FDCPA provisions relied on by Rawlinson contain *no* limitation as to who may invoke them. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f. Indeed, § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." (emphasis added). Thus, by its express terms, *any person*—not just any debtor—who is the subject of abusive debt collection efforts may bring suit pursuant to § 1692d.

Although § 1692e does not explicitly apply to "any person," it broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." [4] Reading this provision in conjunction with § 1692k(a), courts have properly interpreted § 1692e to mean that "any aggrieved party" may bring an action under the provision. *Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir. 2003) (quoting *Wright,* 22 F.3d at 649–50). Similarly, § 1692f states that debt collectors "may not use unfair or unconscionable means to collect or attempt to collect any debt." Consequently, as under § 1692e, any person who has been harmed by an unfair or unconscionable debt collection practice has standing to bring a claim under § 1692f.

Thus, the district court erred in holding that non-debtors, or those with no financial interest in the collateral at issue, may not bring suit under the FDCPA. Here, Rudow Law, through its replevin action, sought to collect a "debt" from Moore. Rawlinson alleges that in so doing, Rudow Law violated the FDCPA with respect to her. Such allegations are sufficient to permit Rawlinson to bring a claim under the FDCPA.

■ Rawlinson additionally alleges a violation of the MCDCA, which provides, in relevant part, that a debt collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md.Code Ann., Com. Law II § 14–202(8). The parties do not make any arguments specific to the MCDCA, but the provision on which Rawlinson relies does not, on its face, limit its protections to debtors. Accordingly, the district court also erred in dismissing this state law claim on the ground that Rawlinson was not a proper plaintiff.

### III.

For the reasons set forth above, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*

---

4. Of course, some, but not all, of the *subsections* of § 1692e do limit themselves to conduct directed at a "consumer." *See, e.g.,* 15 U.S.C. § 1692e(11).