Frank MAGRIN, Plaintiff—Appellant,

v.

UNIFUND CCR PARTNERS, INC.,
Defendant—Appellee.

No. 01–15011.

D.C. No. CV–00–00795–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Dec. 10, 2002.

Before RYMER, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM *

Frank Magrin appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his Fair Debt Collection Procedures Act, 15 U.S.C. § 1692 *et seq.*, ("the Act"), claim. We reverse and remand. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We review a district court's dismissal of an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See, e.g., Lipton v. Pathogenesis Corp.,* 284 F.3d 1027, 1035 (9th Cir.2002). We likewise review *de novo* interpretation and construction of statutes. *See, e.g., Sea–Land Serv., Inc. v. Lozen Int'l LLC,* 285 F.3d 808, 813 (9th Cir.2002).

I

Congress designed and enacted the Act in part to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts [ ] the consumer has already paid." *See* S.Rep. No. 382, 95th Cong.2d Sess. 4, *reprinted in* 1977 U.S.Code Cong. & Admin. News 1695, 1699; *see also Baker v. G.C. Servs.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Corp.,* 677 F.2d 775, 777 (9th Cir.1982) ("The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists.").

The district court in this case dismissed Magrin's amended complaint for failure to state a claim upon which relief could be granted against Unifund CCR Partners, Inc. because the sale of accounts by Unifund to the co-defendant The Credit Store, as alleged by Magrin, did not constitute a violation of the Act.

Under 15 U.S.C. § 1692e, a debt collector violates the Act if it uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This prohibition includes false representations as to "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(1)(A). Thus, a consumer states a valid claim for relief under the Act when he alleges that a debt collector has made false representations as to the legal status of a debt in connection with the sale, transfer or assignment of a debt to another debt collector, with the knowledge that the purchaser, transferee or assignee intends to initiate or continue attempts to collect the debt.

To the extent that Magrin alleged this potential cause of action in the complaint, the district court erred in concluding that the amended complaint failed to state a claim upon which relief could be granted. However, the amended complaint is far from pellucid as to the specifics of its theory, even when the attachments to the amended complaint are considered.

We acknowledge the familiar rule that "[a] complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir.2002) (citations omitted). We also recognize that, in considering a Rule 12(b)(6) motion to dismiss a complaint, a court must consider all allegations of material fact as true and construe them in the light most favorable to the non-moving party. *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1121 (9th Cir.2002) (citation omitted). And to be sure, "[i]f a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint." *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987).

Magrin argues that, if we apply these maxims to our examination of his complaint, he has stated a claim for relief under the Act. From our examination of the district court order, we cannot determine with certainty whether it was founded on a belief that the Act did not embrace the theory that we have described, or that plaintiff's amended complaint failed to allege the theory. Rather than speculate, it is more appropriate for us simply to identify the applicable law, vacate the order and remand this case for reconsideration by the district court and for further proceedings in light of our decision.

The parties shall bear their own costs on appeal.

VACATED AND REMANDED.