Ken BAKER, Plaintiff-Appellee,

v.

G. C. SERVICES CORPORATION,
Defendant-Appellant.

No. 81–3235.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1982.

Decided May 19, 1982.

E. Walter Van Valkenburg, Stoel, Rives, Boley, Fraser and Wyse, Portland, Or., for defendant-appellant.

Mary Kay Gaffney, Marva Fabien, Northwestern Legal Clinic, Portland, Or., argued, for plaintiff-appellee; Richard A. Slotte, Northwestern Legal Clinic, Portland, Or., on brief.

Before KILKENNY, HUG and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

Appellant G. C. Services Corp., a debt collection company, appeals from a district court judgment holding that appellant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by falsely threatening legal action and by failing to inform the debtor that he could dispute a portion of the debt. We affirm.

## I.

Appellee Ken Baker was indebted on credit card accounts to Shell Oil Co. and to Chevron U. S. A., Inc. Both accounts were assigned to appellant G. C. Services Corporation for collection. Appellant attempted to collect the amounts owed by Baker by sending three letters and by making several phone calls. One letter stated that:

> "It is our policy to attempt to settle these matters out of court before making any decision whether to refer them to an attorney for collection ... Unless we receive your check or money order, we will proceed with collection procedures."

The letter also stated that:

> "Verification of this debt, a copy of judgment or the name and address of the original creditor, if different from the current creditor, will be provided if requested in writing within 30 days. Otherwise the debt will be assumed to be valid."

These letters were preprinted form letters regularly used by appellant to solicit payments. Appellant stipulated that its normal procedure for collection of debts of this type is only additional telephone or mail solicitations, and that any legal action would be taken only by the original creditor and not by appellant. The parties stipulated that:

> "Defendant obtained the advice and assistance of counsel on the meaning of and compliance with the Fair Debt Collection

Practices Act and the correctness of the contents of the [disputed letter]. Defendant's attorneys have, from time to time, met with the staff of the Federal Trade Commission to discuss compliance with the Act."

Baker filed suit for money damages, claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the Act"). Both parties filed cross-motions for summary judgment. The district court rejected most of Baker's claims, but held that appellant had violated the Act by (1) failing to inform Baker that he could dispute any portion of the debt, as well as the entire debt, in violation of 15 U.S.C. § 1692g(a)(3); and (2) by falsely threatening legal action which appellant did not in fact intend to take, in violation of 15 U.S.C. § 1692e(5). The court did not find that Baker had suffered any actual damage. The district court held that a successful plaintiff is entitled to recover statutory damages under the Act even absent proof of actual damages, and awarded Baker $100 in statutory damages as well as $800 in attorney fees.

## II.

The issues on appeal are:

(1) Whether Baker, who admitted that he owed the full amount of the debt, had standing to sue under section 1692g of the Act;

(2) Whether the district court erred in holding that appellant had violated section 1692g of the Act, based upon the fact that appellant's notice did not advise the debtor that he could dispute any portion of the debt, as well as the entire debt;

(3) Whether the district court erred in holding that appellant had violated section 1692e of the Act, by threatening to take legal action that it did not intend to take;

(4) Whether the district court erred in rejecting appellant's "bona fide error defense"; and

(5) Whether a debtor is entitled to recover statutory damages and attorney fees absent proof of actual damages.

## III.

Appellant argues that the purpose of section 1692g's disclosure requirements is to protect debtors who believe that a debt assigned for collection is improper, and that a debtor who owes all the amounts billed has no standing to assert a violation of section 1692g.

■ The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists. 1977 U.S.Code Cong. & Adm.News, 1695, 1696. Section 1692k, which governs a debt collector's civil liability under the Act, provides in pertinent part that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). The statute does not make an exception for liability under section 1692g when the debtor does in fact owe the entire debt.

■ Further, the legislative history supports the contention that a debtor has standing to complain of violations of the Act, regardless of whether a valid debt exists. Representative Frank Annunzio, chairman of the subcommittee that reported out the bill, stated during debate "[t]hat every individual, *whether or not he owes the debt*, has a right to be treated in a reasonable and civil manner." 123 Cong. Rec. 10241 (1977) (emphasis added).

Therefore Baker, even though he stated that he did owe the entire debt, has standing to assert any violations of the Act, including a violation of section 1692g.

## IV.

Section 1692g(a) of the Act provides that a debt collector must send the debtor a written notice containing, among other things,

"a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

15 U.S.C. § 1692g(a)(3). The written notice must also contain

"a statement that if the consumer notifies the debt collector in writing ... that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt ... and a copy of such verification ... will be mailed to the consumer."

15 U.S.C. § 1692g(a)(4).

The clear language of the statute explicitly requires that a debtor shall be given notice that he may "dispute the validity of the debt, or any portion thereof...." 15 U.S.C. § 1692g(a)(3). "In construing a statute we are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). Congress clearly required the notice to inform the debtor that he could dispute any portion of the debt.

The letters sent by appellant to Baker contained the following statement:

"Verification of this debt, a copy of judgment or the name and address of the original creditor, if different from the current creditor, will be provided if requested in writing within 30 days. Otherwise, the debt will be assumed to be valid."

The district court found that the notice "does not inform [the debtor] that he may dispute only a portion of the debt," and thus violated § 1692g(a)(3). This determination is factual, and it must be upheld on appeal unless it is clearly erroneous.[1] Fed.R.Civ.P. 52(a).

The notice sent by appellant barely informs the debtor that he may even dispute the entire debt. Appellant's notice does contain a statement that verification of the debt will be provided if requested in writing, as required by 15 U.S.C. § 1692g(a)(4). However, the only statement referring to a dispute regarding the validity of the debt, as required by 15 U.S.C. § 1692g(a)(3), is the sentence "[o]therwise the debt will be assumed to be valid." "In evaluating the tendency of language to deceive, the Commission should look not to the most sophisticated readers but to the least." *Exposition Press, Inc. v. F. T. C.*, 295 F.2d 869, 873 (2d Cir. 1961), *cert. denied*, 370 U.S. 917, 82 S.Ct. 1554, 8 L.Ed.2d 497 (1962). Here, the court should follow the same directive. The language of the notice is simply not sufficient to put a debtor on notice that he could dispute a portion of the debt. A debtor who does owe a valid obligation to the creditor but could dispute finance charges, interest, or have some valid defense, might not be put on notice that he could dispute these additional charges. The district court's finding is not clearly erroneous. Therefore, we affirm the district court's holding that appellant violated section 1692g(a)(3) of the Act.

## V.

The Act prohibits a debt collector from using "any false, deceptive, or misleading representation or means" to collect a debt. 15 U.S.C. § 1692e. Among the specific types of conduct prohibited by section 1692e is

"(5) The threat to take any action that cannot legally be taken or that is not intended to be taken."

15 U.S.C. § 1692e(5).

Appellant's second letter stated, in pertinent part:

"It is our policy to attempt to settle these matters out of court before making any decision whether to refer them to an attorney for collection ... Unless we re-

---

1. Although the procedural form in which the matter was submitted to the district court was on cross-motions for summary judgment, it is apparent that the parties and the district court treated the case as submitted on the merits. Appellant's counsel, by letter, requested the case be withdrawn from the trial calendar, due to the submission on opposing motions for summary judgment. The underlying facts were undisputed and both parties, in argument before the district court, invited the court to decide the case on the merits. Statements of counsel at oral argument before this court further verify that the case was submitted on the merits. Accordingly, we review the findings in the opinion and order of the district court as findings of fact.

ceive your check or money order, we will proceed with collection procedures."

Appellant's policy, as stipulated in the pretrial order, was not to take legal action in these types of cases, but only to proceed with further telephone and mail solicitation.

The district court found that the language of the notice "create[d] the impression that legal action by defendant is a real possibility ... [and] a consumer could legitimately believe that 'further collection procedures' meant court action when defendant had no intention of pursuing such a course of action." This determination, that appellant threatened to take action that it did not intend to take, is factual and can be overturned on appeal only if clearly erroneous. Fed.R.Civ.P. 52(a). We cannot say this finding is clearly erroneous, and therefore we affirm the court's conclusion that appellant's letter violated section 1692e(5).

### VI.

The Act provides a debt collector with a "bona fide error" defense:

"A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

15 U.S.C. § 1692k(c).

The district court rejected this defense on the merits, stating that appellant had presented no evidence to support the defense. Appellant now states that, with respect to the bona fide error defense, it did not accede to decision on the merits,[2] and that it submitted sufficient evidence to raise a genuine issue of material fact such that summary judgment would be improper. The only evidence presented by appellant in support of the bona fide error defense is the following stipulation:

"Defendant obtained the advice and assistance of counsel on the meaning of and compliance with the Fair Debt Collection

Practices Act and the correctness of the contents of the letter [containing the disputed language]. Defendant's attorneys have, from time to time, met with the staff of the Federal Trade Commission to discuss compliance with the Act."

■ Reliance on advice of counsel or a mistake about the law is insufficient by itself to raise the bona fide error defense. "§ 1692k(c) does not immunize mistakes of law, even if properly proven." *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F.Supp. 980, 982 (N.D.Ill.1979).

Section 1692k(c) of the Act is nearly identical to the bona fide error defense section under the Truth in Lending Act (TILA), 15 U.S.C. § 1640(c). *Carrigan v. Central Adjustment Bureau, Inc.*, 494 F.Supp. 824, 827 (N.D.Ga.1980). It has been uniformly held that unintentional "clerical errors ... are the only violations this section [of the TILA] was designed to excuse." *Palmer v. Wilson*, 502 F.2d 860, 861 (9th Cir. 1974); *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1167 (7th Cir. 1974) (reliance on advice of counsel insufficient to support defense of bona fide error); *Turner v. Firestone Tire & Rubber Co.*, 537 F.2d 1296, 1298 (5th Cir. 1976) (§ 1640(c) called "the clerical error defense"); *Ratner v. Chemical Bank New York Trust Co.*, 329 F.Supp. 270, 281 (S.D.N.Y.1971); *Buford v. American Finance Co.*, 333 F.Supp. 1243, 1248 (N.D.Ga. 1971). In *Ratner v. Chemical Bank New York Trust Co.*, supra, a case in which the defendant similarly contended that an error of law was not intentional within the meaning of § 1640(c), the court stated:

"It is undisputed that defendant carefully, deliberately—intentionally—omitted the disclosure in question. That defendant ... mistook the law does not make its action any less intentional."

*Id.* at 281.

■ Appellant only presented evidence that, at best, might show it had been mistaken about the law. This is insufficient by itself to support the bona fide error defense pursuant to 15 U.S.C. § 1692k(c). There-

---

**2.** *See note 1, supra.*

fore, we affirm the district court's conclusion that the defense was unavailing.

## VII.

The civil liability section of the Act provides:

"(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;"

\*     \*     \*     \*     \*     \*

(3) . . . the costs of the action, together with a reasonable attorney's fee. . . .

15 U.S.C. § 1692k(a). The district court found that Baker had not proved any actual damages, and awarded statutory damages of $100 pursuant to section 1692k(a)(2)(A) and attorney's fees of $800 pursuant to section 1692k(a)(3).

■ Appellant contends that Baker is not entitled to an award of statutory damages absent proof of actual damages. However, the plain language of the statute does not support appellant's contention. The statute clearly specifies the total damage award as the sum of the separate amounts of actual damages, statutory damages and attorney fees. There is no indication in the statute that award of statutory damages must be based on proof of actual damages.

■ Further, the Act's damage provisions are very similar to those under the Truth in Lending Act (TILA), 15 U.S.C. § 1640(a). Under TILA, statutory damages are available merely on proof of a violation; no proof of actual damages is required. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 376–77, 93 S.Ct. 1652, 1664–65, 36 L.Ed.2d 318 (1973); *Dzadovsky v. Lyons Ford Sales, Inc.*, 593 F.2d 538, 539 (3d Cir. 1979); *Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437, 443 (3d Cir. 1977).

The legislative history indicates that the Act is similar to the Truth in Lending Act, but contains no statement that in the Act Congress intended to change the damage provisions. The Senate Report states:

"A debt collector who violates the Act is liable for any actual damages he caused as well as any additional damages the court deems appropriate, not exceeding $1,000."

1977 U.S.Code Cong. & Adm.News, *supra* at 1700. The section-by-section analysis of the Act's provisions explains the civil liability provisions as follows:

"A debt collector who violates the Act is liable for actual damages plus costs and reasonable attorney's fees. The court may award additional damages of up to $1,000 in individual actions."

*Id.* at 1702. Neither the Senate Report nor the section-by-section analysis indicate the award of "additional" damages is conditional upon proof of actual damages.

Appellant misstates the legislative history when it states that Congress, in enacting the Act, altered this aspect of the damage provision because of experience with the Truth in Lending Act. TILA provided, in addition to statutory damages, that a minimum statutory recovery of $100 would be available to any debtor who proved a violation. It was only the minimum recovery provision that concerned Congress in the filing of harassment suits under TILA. 1977 U.S.Code Cong. & Adm.News, *supra*, at 1703. *See also Private Enforcement Under the Fair Debt Collection Practices Act*, 28 Case W.Res.L.Rev. 710, 718 (1978).

Policy also supports the award of statutory damages without proof of actual damages. The only actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices and, unless the violations are extreme and outrageous, traditional stringent evidentiary hurdles would be difficult to overcome. Further, the legislative history shows that Congress clearly intended that private enforcement actions

would be the primary enforcement tool of the Act. *See* 123 Cong.Rec. 28112–13 (1977) (remarks of Rep. Annunzio); 1977 U.S.Code Cong. & Adm.News, *supra* at 1700.

Because of the similarity with the Truth in Lending Act and the fact that neither the plain language of the statute nor the legislative history indicates any contrary intent, we affirm the district court's conclusion that statutory damages are available without proof of actual damages.

AFFIRMED.