WALLACE, Senior Circuit Judge,
concurring.
My colleagues hold there is no jurisdiction and yet rush to a discussion of the merits. I disagree with the majority that there was no jurisdiction and for that reason write separately.
The majority tells us that, beyond two letters and two telephone calls, “First Union has not taken any further efforts to collect, and apparently no longer has any right to undertake any such efforts.” Based on this, the majority holds that the Sponaugles lack standing because any injury they may in the future suffer “is, at best, hypothetical and conjectural.”
While there is no Third Circuit precedent addressing this issue, the relevant statutory language and extra-circuit authority is instructive on standing under the Fair Debt Collection Practices Act (Act). Section 1692k(a) of Title 15 states that “any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person .... ” 15 U.S.C. § 1692k(a). Further, Keele v. Wexler, 149 F.3d 589, 592-93 (7th Cir.1998), held that a plaintiff who had *719 received letters purportedly in violation of the Act had standing as a class representative, regardless of whether she had paid the amount allegedly owed, because “the injuries she and the class members alleged were the receipt of the debt collection letters, not the payment of the [allegedly unauthorized] collection fee.” Id. at 593. Similarly, Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647 (6th Cir.1994) (en banc), held that anyone who receives unauthorized communications has standing to sue, stating that those authorized to sue under 15 U.S.C. § 1692k(a) “include[] those persons ... who ‘stand in the shoes’ of the debtor or have the same authority as the debtor to open and read the letters of the debtor.” Id. at 650. The Ninth Circuit is in accord, holding in Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir.1982), that a debtor has standing to complain of Act violations even if he owes the entire amount of the debt.
This authority indicates that it is not whether the debt is owed, paid, or likely to be collected in the future that determines whether one has standing to sue under the Act, but rather whether the debtor alleges a violation of the Act, and that an individual covered by the Act has been the recipient or target of the violative conduct. In the present case, the Sponaugles alleged conduct constituting a colorable violation of the Act, and this is sufficient to give them standing. But I agree with the majority’s holding on the merits that First Union was permitted to collect the fee and that its communications attempting to collect the fee were therefore not a violation of the Act.