*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0299p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KAREN L. JERMAN,

>> *Plaintiff-Appellant,*

>> *v.*

>> No. 07-3964

CARLISLE, MCNELLIE, RINI, KRAMER & ULRICH
LPA; ADRIENNE S. FOSTER,

>> *Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-01397—Patricia A. Gaughan, District Judge.

Argued: June 11, 2008

Decided and Filed: August 18, 2008

Before: SILER and COLE, Circuit Judges; CLELAND, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Stephen R. Felson, LAW OFFICE, Cincinnati, Ohio, for Appellant. George Coakley, REMINGER CO., Cleveland, Ohio, for Appellees. **ON BRIEF:** Stephen R. Felson, LAW OFFICE, Cincinnati, Ohio, Edward A. Icove, ICOVE LEGAL GROUP, Cleveland, Ohio, for Appellant. George Coakley, James O'Connor, REMINGER CO., Cleveland, Ohio, for Appellees.

---

**OPINION**

---

COLE, Circuit Judge. Plaintiff Karen L. Jerman filed an action challenging the debt-collection practices of the law firm Carlisle, McNellie, Rini, Kramer & Ulrich ("Carlisle"), and Adrienne S. Foster, an attorney employed by Carlisle, (collectively, "Defendants"). Jerman claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-92p, when they used allegedly deceptive forms to notify her of a foreclosure on her home. More specifically, Jerman claims that Defendants violated the FDCPA by representing to Jerman that her debt would be assumed valid unless she disputed the debt "in writing" even though the FDCPA does not require a *written* dispute. The district court granted Defendants' motion for summary judgment,

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

concluding that, although Defendants violated the FDCPA by instructing Jerman that she must dispute the debt in writing, Defendants qualified for the FDCPA bona fide error defense, 15 U.S.C. § 1692k(c). On appeal, Jerman asserts that the defense is not available. For the following reasons, we affirm.

## I. BACKGROUND

On April 17, 2006, Defendants filed a complaint in the Ashtabula County Court of Common Pleas on behalf of their client, Countrywide Home Loans, Inc., the holder of a mortgage interest in real property owned by Jerman. The complaint, handled by Foster, sought foreclosure on that property. Attached to the complaint was a "Notice Under the Fair Debt Collection Practices Act" (hereafter, "Validation Notice") which provided, among other things, that "the debt described herein will be assumed to be valid by the creditor's law firm [Carlisle] unless the debtor(s) . . . within thirty (30) days after receipt of this notice, dispute, in writing, the validity of the debt or some portion thereof." The Validation Notice was dated, included Defendants' contact information, and provided the amount of debt and interest at issue along with the relevant Note and Mortgage. On April 20, 2006, Jerman was served by certified mail with the summons and complaint, which included the Validation Notice attachment. Defendants had no further communication with Jerman.

On April 25, 2006, Defendants received a letter from Edward A. Icove, Jerman's attorney, indicating that Jerman disputed the debt alleged in the complaint. On April 26, 2006, Defendants requested verification of the debt from Countrywide. On May 4, 2006, Countrywide notified Defendants that the note had been paid in full. On May 5, 2006, Defendants sent a judgment entry dismissing the complaint to the court of common pleas for filing, and mailed a copy of the judgment entry to Icove. The judgment entry was filed with the court on May 11, 2006.

On June 7, 2006, Jerman filed a complaint seeking certification as a class action and statutory damages, on the ground that Defendants violated the FDCPA by representing erroneously that a debt will be assumed valid absent a written dispute. Defendants filed a motion to dismiss the complaint on September 22, 2006, arguing that the words "in writing" in the Validation Notice did not violate the FDCPA. The district court denied that motion on November 21, 2006, finding that the Validation Notice violated the FDCPA because it compelled debtors to dispute the debt in writing when the FDCPA imposes no such requirement. *Jerman v. Carlisle*, 464 F. Supp. 2d 720, 725 (N.D. Ohio 2006). After discovery, Defendants moved for summary judgment, arguing that: (1) the foreclosure complaint was not an "initial communication," which is necessary before debtor "validation rights can be triggered" under the FDCPA; (2) Defendants' alleged mistake as to the written-dispute requirement was unintentional and resulted from a bona fide error; and (3) Defendants are absolutely immune from liability because their actions represented an "integral part of the judicial process." The district court granted Defendants' motion on June 20, 2007, concluding that, although the foreclosure complaint was an initial communication triggering rights under the FDCPA and that Defendants violated the FDCPA by instructing Jerman that she must dispute the debt in writing, Defendants were shielded from liability by the bona fide error defense. *Jerman v. Carlisle*, 502 F. Supp. 2d 686, 696 (N.D. Ohio 2006).

Jerman timely filed a notice of appeal on July 19, 2007.

## II. ANALYSIS

On appeal, Jerman argues that (1) the district court erred in concluding that the FDCPA's bona fide error defense may apply to mistakes of law,[1] and (2) even if the defense does apply to

---

[1] Both parties agree that the underlying issue—the written-dispute requirement—rests on a question of law.

mistakes of law, the district court erred in concluding that Defendants were entitled to summary judgment on the defense, because a question of fact remains as to whether Defendants maintained procedures reasonably calculated to avoid the violation.[2] We review de novo a district court's grant of summary judgment. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that there are no genuine issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the party opposing the motion must then "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## A.    Applicability of the FDCPA's Bona Fide Error Defense to Mistakes of Law

A debt collector may avoid liability for an FDCPA violation under the Act's bona fide error defense, which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). The issue of whether this defense applies to mistakes of law, in addition to procedural or clerical errors, is one of first impression for this Court.

Jerman argues that *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025 (6th Cir. 1992) is instructive. *Smith* recognized that the bona fide error defense protects a debt collector from liability resulting from a clerical error. *Id.* at 1034 (holding that although collection agency's second collection letter, mailed shortly after receiving consumer's cease-communication assist letter, violated the FDCPA, the agency was shielded under the bona fide error defense because its procedures were reasonably adapted to avoid any such error). Thus, *Smith* is not relevant to the instant matter because it indisputably involved a clerical error; moreover, the panel majority did not address whether the bona fide error defense also applies to mistakes of law. *See id.* Although Judge Krupansky, concurring in part and dissenting in part, opined that "the bona fide error defense applies only to clerical errors," *id.* at 1034, his statement is simply dicta and does not serve as precedent.

Further, the district courts in this circuit are split. *Compare Dunaway v. JBC & Assoc, Inc.*, No. 03-73597, 2005 WL 1529574, at *6 (E.D. Mich. June 20, 2005) (citing *Smith* for the erroneous proposition that the Sixth Circuit "has explicitly held" that "the bona fide error defense applies only to clerical errors"), *and Edwards v. McCormick*, 136 F. Supp. 2d 795, 800 (S.D. Ohio 2001) (explaining that "were the mistake an error in legal judgment, it could not be erased by [the bona fide error defense]" and citing *Smith* for the proposition that the defense applies only to clerical errors), *with Miller v. Javitch, Block & Rathbone, LLP*, 534 F. Supp. 2d 772, 777 (S.D. Ohio 2008) (stating that the bona fide error defense "is applicable to mistakes of law as well as clerical errors" and finding defendant shielded by defense for an alleged mistake of law (citing *Delawder v. Platinum Fin. Serv. Corp.*, 443 F. Supp. 2d 942, 952 (S.D. Ohio 2005), which holds that the defense

---

[2] Jerman also "presents" two other issues on appeal: (1) whether a foreclosure complaint constitutes an "initial communication" under § 1692g(a) of the FDCPA; and, if so, (2) whether the words "in writing" in a validation notice violate § 1692g(a)(3). However, the district court found in favor of Jerman on these issues, and Jerman simply reiterates that the district court "got it right." Defendants did not cross-appeal the rulings on these issues, but address them "in the event the Court is inclined to review [them]." Because neither party is actually appealing these rulings, we do not address them.

applies to debt-collection attorneys who unintentionally violate the FDCPA by asserting in good faith a legal claim that was later rejected by a court)); *Lee v. Javitch, Block & Rathbone, LLP*, No. 1:06-CV-585, 2007 WL 4591961, at *1 (S.D. Ohio Dec. 28, 2007) (noting *Smith*, and circuit split, but explaining that recent and more persuasive case authority has permitted the defense for mistakes of law as well as fact); *Kelly v. Great Seneca*, 443 F. Supp. 2d 954, 960 (S.D. Ohio 2005) ("FDCPA liability is not imposed for good faith mistakes or errors of law or mathematics."); *and Taylor v. Luper, Sheriff & Niedenthal Co., L.P.A.*, 74 F. Supp. 2d 761, 765 (S.D. Ohio 1999) ("There is nothing in the language of [the defense] which limits its application to clerical mistakes or ministerial errors.").

Courts outside of this Circuit are also divided as to whether the bona fide error defense applies to mistakes of law or is limited, as Jerman contends, to procedural or clerical errors. *See Johnson v. Riddle*, 305 F.3d 1107, 1121 n.14 (10th Cir. 2002) (collecting cases). Although the "majority view is that the defense is available for clerical and factual errors" only, "a growing minority of courts . . . have concluded that mistakes of law can be considered bona fide errors under section 1692k(c)." *Nielsen v. Dickerson*, 307 F.3d 623, 641 (7th Cir. 2002) (citations omitted).

The most recent appellate court to speak directly on this subject is the Tenth Circuit in *Johnson v. Riddle*. There, the court listed, and then rejected, the holdings from the Second, Eighth, and Ninth Circuits that the bona fide error defense does not apply to legal errors. *See Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001) (citing *Hulshizer v. Global Credit Servs., Inc.*, 728 F.2d 1037, 1038 (8th Cir. 1984)); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.3d 22, 27 (2d Cir. 1989); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 779 (9th Cir. 1982). The court explained that those cases simply "dispense[d] with the issue by citing earlier cases back to the Ninth Circuit's decision in *Baker v. G.C. Services*." *Johnson*, 305 F.3d at 1122. The *Johnson* Court rejected the *Baker* analysis because "*Baker* rested its holding entirely upon the similarity of the FDCPA bona fide error defense to the 'nearly identical' bona fide error defense provided in the Truth in Lending Act ("TILA"), a provision uniformly interpreted to apply only to clerical errors and not to legal errors." *Id.* (citations omitted).[3] The *Johnson* Court found the TILA analogy to be faulty:

> [The plaintiff] also analogizes the provision to a similar section in [the TILA], 15 U.S.C. § 1640(c), which is limited to clerical mistakes and which does not include errors of judgment or law. But . . . the TILA bona fide error provision expressly defined bona fide errors as [including, but not limited to,] "clerical, calculation, computer malfunction and programming, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error." 15 U.S.C. § 1640(c). The FDCPA provision does no such thing. This, along with the statutes' different purposes, distinguishes the two.

*Id.* at 1122-23 (quoting *Jenkins v. Heintz*, 124 F.3d 824, 832 n.7 (7th Cir. 1997)). The *Johnson* Court concluded that unlike the TILA, "the plain language of the FDCPA suggests no intent to limit the bona fide error defense to clerical errors. To the contrary, § 1692k(c) refers by its terms to any

---

[3]The bona fide error defense in the TILA provides:

> A creditor or assignee may not be held liable in any action brought under this section or section 1635 of this title for a violation of this subchapter if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *Examples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error.*

15 U.S.C. § 1640(c) (emphasis added).

'error' that is 'bona fide.'" *Id.* at 1123. The court next looked to legislative history, and found "no indication . . . that Congress intended this broad language to mean anything other than what it says." *Id.* (citing S. Rep. No. 95-382, at 3 ("A debt collector has no liability, however, if he violates the act in *any* manner . . . when such violation is unintentional and occurred despite procedures designed to avoid such violations." (emphasis added))).

The *Johnson* Court found further support in the Supreme Court's reasoning in *Heintz v. Jenkins*, 514 U.S. 291 (1995), which affirmed the Seventh Circuit's conclusion that the FDCPA applies to lawyers acting as debt collectors. We previously decided otherwise, based in part on our view that any other rule "automatically would make liable any litigating lawyer who brought, and then lost, a claim, against a debtor." *Heintz*, 514 U.S. at 295 (citing *Green v. Hocking*, 9 F.3d 18, 21 (6th Cir. 1993)). As the *Johnson* Court explained, the *Heintz* Court agreed with *Green*'s premise, but found such fear insignificant in light of the bona fide error rule. *Id.*

> *Heintz* accepted for argument's sake the Sixth Circuit's view that any debt collection lawyer whose claim fails necessarily violates the FDCPA. However, the Court concluded that such a premise did not produce absurd results, because of the existence of the bona fide error defense rule. In other words, the Court apparently believed that the bona fide error defense would apply in at least a portion of the cases where the lawyer brought suit to collect an amount beyond that legally owed by the debtor. This reasoning at least suggests that the defense is available for mistakes of law, because presumably mistake of law may contribute to the reasons why some of the underlying debt collection procedures are lost.

*Johnson*, 305 F.3d at 1123. *See also Taylor v. Luper, Sheriff & Niedenthal Co.*, 74 F. Supp. 2d 761, 764 (S.D. Ohio 1999) (noting that, if mistakes of law were not protected by the bona fide error defense, ethical duty of zealous advocacy could require debt collecting lawyer to assert claims that would expose her to FDCPA liability).

After the *Johnson* holding, the Seventh Circuit, in *Nielsen*, 307 F.3d at 641, also rejected *Baker*'s TILA analogy and stated that "the FDCPA's provision does not expressly remove legal mistakes from the realm of errors that can be considered bona fide." The court cited its previous opinion, *Jenkins*, 124 F.3d at 832 n.7, which noted that "nothing in the language of the FDCPA bona fide error provision limits the reach of the defense to clerical errors and other mistakes not involving the exercise of legal judgment," but ultimately concluded that there was no evidence that the mistake at issue had in fact involved the exercise of any legal judgment. Nonetheless, the *Nielson* Court assumed—"consistent with [its] observations in *Jenkins*"—that "a legal mistake can qualify as a bona fide error under the FDCPA," but it found the defense inapplicable because the collector intended to contravene the applicable law of the circuit. *Id.* at 641.

Jerman argues that *Johnson* is incorrect and that the statutory language of the FDCPA supports the view that Congress intended the defense to apply only to clerical errors. Specifically, Jerman points to the last phrase of the defense—that the violation "resulted from a bona fide error notwithstanding the *maintenance of procedures* reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c) (emphasis added). In Jerman's view, "this language eliminates the ability of a debt collector attorney to escape FDCPA liability based upon a legal mistake" because, practically, it makes no sense that a collector can maintain procedures reasonably adapted to avoid mistakes of law.[4] Jerman further argues that the distinction between the language in the FDCPA and the TILA

---

[4] As a preliminary matter, Defendants argue that we should not consider this argument because Jerman did not raise it in the district court. But Jerman did raise the issue of the bona fide error limitation in the district court. Simply because she states this same argument in a different way and supplies additional authority does not mean we cannot consider such argument. Jerman is not attempting to affect her "chances of victory merely by calculating at which level

is inappropriate because when Congress passed the FDCPA in 1977, the TILA's bona fide statutory language did not provide explicitly the legal error exclusion, but had merely been interpreted as such. In other words, the two acts were then identical. It was not until 1980 that Congress revised the TILA and expressly excluded errors of law from the bona fide error defense. *See* Pub. L. No. 96-221. Therefore, Jerman argues, it is incorrect to compare the current versions of the TILA and the FDCPA: "By using the same language for the FDCPA [when it was enacted] in 1977 after [courts] construed that same language in the TILA to apply to clerical errors only, Congress gave that interpretation the force of the law." The *Johnson* Court considered and rejected this same argument:

> We acknowledge that it is more common to speak of procedures adapted to avoid clerical errors than to speak of procedures adopted to avoid mistakes of law. However, absent a clearer indication that Congress meant to limit the defense to clerical errors, we instead adhere to the unambiguous language of the statute as supported by the available legislative history.

*Johnson*, 305 F.3d at 1123.

We agree with the persuasive reasoning and analysis set forth in *Johnson*. Indeed, debt collectors may set up "procedures" more often to avoid clerical mistakes, but there is nothing unusual about attorney collectors maintaining procedures, such as frequent education and review of the FDCPA law, in order to avoid mistakes of law. Moreover, the fact that the TILA's bona fide error provision expressly excludes errors of legal judgment while the analogous provision in the FDCPA does not have such limitation suggests that, unlike the TILA, Congress did not intend to limit the defense to clerical errors. Although the FDCPA was adopted when the TILA had identical language that courts had interpreted to exclude legal errors, the legislative history of the FDCPA shows that "a debt collector has no liability . . . if he violates the act in *any* manner . . . when such violation is unintentional and occurred despite procedures designed to avoid such violations." S. Rep. No. 95-382, at 5 (emphasis added). Further, Congress has amended the FDCPA several times since its enactment, and has never changed the language to exclude mistakes of law from the bona fide error defense. In addition, protection for attorneys who make bona fide errors of law is consistent with the FDCPA's purpose of eliminating abusive debt collection practices and ensuring that those debt collectors who refrain from abusive collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

## B.    Applicability of the FDCPA's Bona Fide Error Defense to Defendants' Mistake of Law

Holding that the FDCPA's bona fide error defense applies to mistakes of law, we now apply the defense to the specific facts of this case. To qualify for the bona fide error defense, a debt collector must prove by a preponderance of the evidence that: (1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error. *See, e.g.*, *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In doing so, "[t]he debt collector must only show that the violation was unintentional, not that the communication itself was unintentional." *Id.* On appeal, Jerman argues that there is a genuine issue of material fact regarding the third prong: whether Defendants

---

to better pursue [her] theory," nor is she attempting a "second shot" by presenting "back-up theories . . . mounted for the first time." *Estate of Quirk v. CIR*, 928 F.2d 751, 758 (6th Cir. 1991). Jerman is simply advancing additional authority and expanded rationale on appeal to support an argument that she articulated to the district court in the first instance. *See Matter of Walden*, 12 F.3d 445, 451 n.11 (5th Cir. 1994) (as to a statutory argument raised for the first time at oral argument on appeal, "because it is not a separate issue, and instead is simply additional legal authority to consider in reaching our decision, we consider it here").

maintained procedures reasonably adapted to avoid any legal error as to the written-dispute requirement.

The district court found to the contrary. We agree and conclude that Defendants, specifically through Richard McNellie, the senior principal and the attorney responsible for Defendants' compliance with the FDCPA, maintained procedures reasonably adapted to avoid legal error relating to the written-dispute requirement. After reviewing the record, we agree with the district court's conclusion that Defendants employed the following specific procedures to comply with the FDCPA and its "ever-changing" body of law:

> Defendant law firm has designated its senior principal, Richard McNellie, as the individual responsible for compliance with the FDCPA; McNellie regularly attends conferences and seminars that focus on FDCPA issues; the firm subscribes to "Fair Debt Collection," a part of "The Consumer Credit and Legal Practice Series," together with the supplements thereto; McNellie routinely distributes copies of cases relevant to the firm's practices and procedures to all attorneys at the firm; all new employees, attorneys and nonattorneys, are advised of the firm's obligations under the FDCPA and provided with the firm's FDCPA Procedures Manual, and encouraged to seek McNellie's advice with questions regarding the FDCPA; McNellie conducts a mandatory meeting at least twice a year for all available employees wherein FDCPA issues and developments are discussed . . . .

*Jerman*, 502 F. Supp. 2d at 695.

Jerman argues that Defendants have only shown that these procedures were in place when Jerman was served with the foreclosure complaint and Validation Notice. Jerman claims that the *legal error* took place when the original Validation Notice form was drafted in 1997, and that because Defendants only speak to the procedures in place in 2006 when the *violation* took place, they should lose on summary judgment. Jerman, however, fails to cite any legal authority to support her novel assertion that the court must distinguish between the procedures in place when the "error" (i.e., the drafting of the document) occurred and the procedures in place when the "violation" (i.e., the serving of the faulty document) occurred. In any event, Defendants testified that they relied on case law at the time the Validation Notice was drafted *and* when it was actually sent to Jerman.

Jerman further argues that had Defendants established any meaningful procedures they would have either (1) sought a formal advisory opinion from the Federal Trade Commission on the "in writing" requirement, or (2) adopted the model notice contained in the International Guide to the FDCPA of the American Collector's Association, which does not include the in writing requirement. Jerman's arguments fail. First, if seeking an advisory opinion is the only "meaningful procedure" that can be adopted in order to avoid liability for bona fide legal errors under § 1692k(c), then the FDCPA's *separate* safe-harbor provision for collectors who act upon the advice of the Commission would be superfluous. *See* 15 U.S.C. § 1692k(e).[5] Because "a court should read the statute as a whole and avoid a construction that renders a statutory word superfluous," *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 377 F.3d 592, 596-97 (6th Cir. 2004), Jerman's argument is unpersuasive. Second, while it could be argued that adoption of the model language would be a better practice for Defendants, Jerman provides no support for her assertion that adopting the

---

[5] 15 U.S.C. § 1692k(e) provides:

No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

language is the only acceptable procedure to avoid legal error of this type. The bona fide error defense calls for maintenance of procedures reasonably adapted to avoid any such bona fide error. Here, Defendants demonstrated that considerable time, effort and research were spent in evaluating the validity of the "in writing" requirement. Defendants' compliance officer regularly attended FDCPA seminars, examined and distributed relevant case law, regularly held meetings, and encouraged open discussion of FDCPA issues. Further, after Defendants sent the Validation Notice, they continued to take reasonable and good faith steps, particularly through the firm's compliance department, to comply with the law. We, therefore, agree with the district court that the bona fide error defense appropriately applies in this case.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.