NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0144n.06
Filed: February 18, 2009

No. 08-3487

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

GAYMAR INDUSTRIES, INC.,

    Plaintiff-Appellant,

v.

FIRSTMERIT BANK, N.A.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

Before: MOORE, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.    Gaymar Industries, Inc. ("Gaymar") appeals the district court's grant of summary judgment in favor of FirstMerit Bank N.A. ("FirstMerit") on Gaymar's claims for quantum meruit, equitable subordination, and imposition of a constructive trust. We affirm.

I.

Gaymar makes medical equipment. Advacare, a long-time client of Gaymar, is an equipment wholesaler. In 2004, Advacare ordered some equipment from Gaymar. To pay Gaymar, Advacare obtained lease financing from a company called Preferred Capital, Inc. ("PCI"), which was also a long-time client of Gaymar. PCI was supposed to buy the equipment from Gaymar, and lease it to

Advacare. Advacare would then make 12 monthly lease payments to PCI. Gaymar delivered the equipment to Advacare between July and October 2004, and chose not to take a security interest in it.

To finance its purchase, PCI turned to FirstMerit, with whom it had an existing line of credit. In November 2004 (after the equipment had been delivered to Advacare), PCI made two draw requests on the line of credit, one for $289,321.77, and another for $193,506.31. Both requests indicated the money was for Gaymar equipment that would be leased to Advacare. The line of credit required that PCI send FirstMerit a "copy of the proof of payment for the underlying equipment." Accordingly, along with its draw requests, PCI sent FirstMerit copies of five checks, made payable to Gaymar, drawn on PCI's account at Sky Bank. FirstMerit honored the draw requests—without asking for original copies of the checks—and deposited $482,828.08 (the total requested amount) into PCI's account in late November 2004. PCI was supposed to pay back FirstMerit in monthly installments. FirstMerit retained a security interest in the equipment. FirstMerit and Gaymar had no contact regarding the transaction.

PCI thus found itself at the center of these transactions—and proved to be a black hole. It never paid Gaymar for the equipment. It also never paid FirstMerit for the draw requests. As a result, FirstMerit exercised its right, via its security interest, to request that Advacare make its lease payments directly to FirstMerit. Advacare began to do that in March 2005, and paid FirstMerit a total of $294,972.77 over the next five months. FirstMerit did not recover the remaining $187,855.31 it had loaned to PCI.

Gaymar later sued FirstMerit, bringing claims for quantum meruit, equitable subordination, and imposition of a constructive trust. The Complaint alleged that FirstMerit failed to follow its own lending procedures when it honored PCI's draw requests without requiring more proof that Gaymar had been paid.

At the close of discovery, FirstMerit moved for summary judgment as to all three claims. The district court granted the motion. This appeal followed.

II.

We review a district court's grant of summary judgment *de novo*. *Med. Mut. of Ohio v. K. Amalia Enters. Inc.*, 548 F.3d 383, 389 (6th Cir. 2008). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. Opposing the motion, a non-moving party must show more than some metaphysical doubt as to the material facts. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 472 (6th Cir. 2008). Because this is a diversity case, and it is undisputed that a substantial number of the events at issue occurred in Ohio, where FirstMerit resides, the district court properly applied Ohio law. *See Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 604 (6th Cir. 2005).

We begin with Gaymar's claim for quantum meruit. Also called "unjust enrichment," quantum meruit is an equitable doctrine under which a party can be made whole when it confers a benefit upon another without receiving just compensation for the value of its services. *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 863 n.1 (6th Cir. 2002) (applying Ohio law). To be actionable in quantum meruit, however, the plaintiff's harm must be "causally connected to a

substantial benefit to the defendant." *Gaier v. Midwestern Group*, 601 N.E.2d 624, 627 (Ohio Ct. App. 1991). Further, "[i]n determining whether a defendant received an unjust or unconscionable benefit, we must consider whether 'the defendant was the party responsible for the plaintiff's detrimental position.'" *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 502 (6th Cir. 2003) (citing *U.S. Health Practices, Inc. v. Blake*, No. 00AP-1002, 2001 WL 277291, at *2 (Ohio Ct. App. March 22, 2001)). "[A] plaintiff's responsibility for his own detrimental position breaks the requisite causal connection between the defendant's benefit and the plaintiff's loss." *Andersons, Inc.*, 348 F.3d at 502.

That rule precludes recovery by Gaymar here. Gaymar could have obtained a security interest in the equipment, but neglected to do so. And—contrary to what appears to be the underlying premise of this lawsuit—FirstMerit owed Gaymar no duty to save Gaymar from its own lack of care. *See, e.g.*, *In re Colfor, Inc.*, No. 96-60306, 1998 WL 70718, at *4 (Bankr. N. D. Ohio Jan. 5, 1998) ("[M]ost courts . . . have held that a lender is normally not a fiduciary of either the debtor *or other creditors* and 'owes them no special obligation of fidelity in the collection of his claims'") (quoting *Pinetree Partners, Ltd. v. OTR*, 87 B.R. 481, 488 (Bankr. N.D. Ohio 1988) (emphasis added). Even if, as Gaymar alleges, FirstMerit did fail to follow its internal loan policies, Gaymar points to no evidence to support the conclusion that these policies existed to protect Gaymar. The district court properly dismissed Gaymar's quantum meruit claim.

Gaymar next contends that the court improperly dismissed its claim for equitable subordination. That doctrine only applies, however, in bankruptcy proceedings. *See Gaff v. FDIC*,

919 F.2d 384, 393 (6th Cir. 1990) ("[P]rinciples of equitable subordination do not apply to [a] case [where the] case is not in bankruptcy"). Thus, the district court properly dismissed this claim.

Finally, Gaymar asks us to revisit its claim for imposition of a constructive trust. But there is no stand-alone claim for constructive trust; instead it is a *remedy* that can only be imposed "where there is some ground . . . upon which equity will grant relief." *In re Morris*, 260 F.3d 654, 668 (6th Cir. 2001) (applying Ohio law). There is no such ground here, so this claim too is meritless.

III.

For these reasons, we affirm the judgment of the district court.