NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0398n.06

No. 08-5438

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 02, 2009
LEONARD GREEN, Clerk

R. C. LATHAM,                        )

       )

    Plaintiff-Appellant,        )

       )

v.                          )    ON APPEAL FROM THE UNITED

       )    STATES DISTRICT COURT FOR

ALLSTATE INSURANCE CO., CRAIG CASEY, and  )    THE WESTERN DISTRICT OF

CASEY INSURANCE AGENCY,        )    TENNESSEE

       )

    Defendants-Appellees.      )

       )

Before: MARTIN and KETHLEDGE, Circuit Judges; WATSON, District Judge.*

KETHLEDGE, Circuit Judge. R. C. Latham ("Latham") appeals the grant of summary judgment in favor of Defendants in his suit to recover insurance proceeds after a fire destroyed his home. We affirm.

I.

Latham's home burned down on December 18, 2005. At the time, the home and personal property inside were covered by an Allstate homeowner's insurance policy that Latham had bought from Craig Casey and Casey Insurance Agency (collectively, "Casey"). After the fire, Latham filed

---

*The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

a claim with Allstate, seeking to recover insurance proceeds. Allstate denied the claim on August 10, 2006, suspecting that Latham had set the fire.

Latham sued Allstate and Casey ("Defendants") in the Crockett County, Tennessee Chancery Court. He alleged that Allstate had breached its contract with him, and that Casey negligently failed to explain some of the policy's coverage limits. Defendants removed the case to federal court, and filed separate motions for summary judgment. Allstate alleged that Latham had set the fire, and relied on its policy language exempting coverage in such circumstances. Casey argued that, at deposition, Latham admitted he could not remember whether Casey had discussed the policy limits at issue, and thus could not prove his claim against Casey.

Latham failed to answer the motions, and the court issued a Show Cause Order threatening to grant them and dismiss the case if Latham did not respond. Two weeks later, Latham filed a response. It consisted of a single substantive paragraph, containing unsworn and unsupported allegations that Latham did not set the fire. The court considered Latham's response, but found that no genuine issue of material fact existed, and granted summary judgment to Defendants.

Latham then filed a "Motion to Set Aside, Alter, or Amend" the summary-judgment order, attaching three affidavits: one from Steve Wall of Wall Heating and Air, asserting that the cause of the fire is unknown; one from Latham's expert, Stuart Bayne, stating that his report did not mean to imply that Latham set the fire; and one from Latham's step-son, William Griffin, stating that he was with Latham on the day of the fire and that Griffin himself did not set it. Conspicuously absent was any affidavit from Latham stating that he himself did not set the fire. The court declined to consider the affidavits, and denied the motion.

This appeal followed.

## II.

"This Court reviews a district court's grant of summary judgment *de novo*." *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, 'show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.'" *Id*., citing Fed. R. Civ. P. 56(c). To survive such a motion, the non-moving party must show more than some metaphysical doubt as to the material facts. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 472 (6th Cir. 2008).

Allstate's motion rested primarily on two pieces of evidence. First, Latham's own expert witness opined that someone diverted the home's gas lines into its HVAC duct units, causing an explosion that, in turn, caused the fire. Second, Allstate's debris analysis showed no trace of the $60,446.50 in personal property that Latham claimed he lost in the fire. During the pendency of Allstate's motion, Latham offered no evidence at all—other than naked allegations—to refute Allstate's arguments. Moreover, under Tennessee law, a fraudulent insurance claim is a breach of the insurance contract that bars recovery both as to the insured structure and the personal property within. *See Home Ins. Co. v. Connelly*, 56 S.W. 828, 829 (Tenn. 1899); *Trice v. Commercial Union Assurance Co.*, 334 F.2d 673, 676 (6th Cir. 1964); *cf.* APPLEMAN ON INSURANCE § 3595("The general rule seems to be that fraud, attempted fraud, or false swearing as to any part of the property included in a proof of loss prevents recovery for any portion thereof").

Latham failed to dispute Allstate's evidence that he had submitted a fraudulent claim. He also did not address Casey's argument that the negligence claim was devoid of proof. The district court, therefore, correctly held that Latham had not shown the existence of genuine issues of material fact with respect to his claims. Latham argues on appeal that he need not have offered evidence to defeat Defendants' motions, because "the Complaint within itself" offered proof enough to defeat summary judgment. But he is mistaken. *See Kendall v. Hoover Co.*, 751 F.2d 171, 173 (6th Cir. 1984) ("the conclusory allegations of a complaint cannot be relied upon to withstand a motion for summary judgment"). Moreover, Latham's motion to "Set Aside, Alter, or Amend" the order—purportedly filed pursuant to Federal Rules of Civil Procedure 59 and 60—did not provide the district court any basis to vacate its summary-judgment order. Latham's motion sought to present "arguments which could, and should, have been made before judgment issued[.]" *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). And even considering the affidavits attached to Latham's motion, the undisputed record before the district court remained that the fire was intentionally set; that no trace of the items for which Latham sought reimbursement was found in the fire debris; and that Latham himself never submitted an affidavit contesting Allstate's conclusion that he was the person who set the fire.

The district court did not err, therefore, in refusing to grant Latham's motion, and in entering judgment in favor of Defendants.

We affirm the judgment of the district court.