ROBERT J. JONKER, CHIEF UNITED STATES DISTRICT JUDGE
Plaintiffs in the above-captioned actions have filed a common motion in limine that seeks to prevent Defendants from introducing evidence or argument at trial regarding a bona fide error defense. Defendants oppose the motion, and in all the above cases have incorporated the argument contained in the Response brief filed in Case No. 1:13-cv-1328 (ECF No. 237).[1] After considering Plaintiffs' Motion and Defendants' Response, Plaintiffs' Motion will be GRANTED.
*773 A motion in limine is defined as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States , 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Motions in limine are meant to "prepare a smooth path for trial-particularly by casting aside inadmissible evidence that might confuse or prejudice the jury." Dixon v. Grand Trunk W. R.R. Co. , No. 2:13-14340, 2017 WL 5166868, at *1 (E.D. Mich. Nov. 8, 2017). Where a "motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered." Louzon v. Ford Motor Co. , 718 F.3d 556, 563 (6th Cir. 2013) ; see also 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5037.18 (2d ed. 2009) (stating motions in limine should not be used as a substitute for motions for summary judgment or other peremptory rulings).[2]
Under the FDCPA, "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Accordingly, a defendant debt collector who wishes to raise a bona fide error defense must prove three elements: "(1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." Jerman v. Carlisle, McNellie, Rini, Kramer & UlrichLPA , 538 F.3d 469, 476-77 (6th Cir. 2008) ( Jerman I ), rev'd on other grounds , 559 U.S. 573, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010).
This Court previously ruled that under its construction of the Michigan garnishment law and FDCPA, the defendant debt collectors included improper costs in the requests and writs for garnishment. The Court further ruled that the inclusion of these costs violated the FDCPA. Plaintiffs now seek to prevent Defendants from arguing that the inclusion of those improper costs in applications for writs of garnishment through the state courts was the result of a bona fide error due to a mistaken belief that Michigan law permitted prevailing party status for a garnishment plaintiff to carry over from the action of the underlying judgment. Plaintiffs further request the Court prevent Defendants from introducing evidence that they maintained procedures reasonably adapted to avoid violations of the FDCPA because none were disclosed during discovery. The Court will discuss each request in turn.
A. Mistake of State Law
In Jerman I , the Sixth Circuit Court of Appeals considered whether, in addition to procedural or clerical errors, the bona fide error defense in Section 1692k applied to mistakes of law. Noting a split of authority on the issue, the Sixth Circuit held that debt collectors could raise a mistake of law as an affirmative defense under Section 1692k. Jerman I , 538 F.3d at 476. The matter went up to the Supreme Court, which reversed and remanded the Sixth Circuit's decision. The Court held that "the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA
*774 resulting from a debt collector's incorrect interpretation of the requirements of that statute." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA , 559 U.S. 573, 604-05, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010) ( Jerman II ). Thus the Court's holding was limited to mistakes of the FDCPA, and left for another day the question of whether the bona fide error defense applied to other mistakes of law, including mistakes of state law. Id. at 580, 130 S.Ct. 1605 n.4.
In the wake of the Supreme Court's decision, courts have split on whether the Supreme Court's holding should be extended to bar mistakes of state law as an available defense under Section 1692k. See Harden v. Autovest, L.L.C. , No. 1:15-cv-34, 2016 WL 6997905, at *1-*2 (W.D. Mich. Nov. 30, 2016) (Bell, J.) (discussing cases). There is no clear direction one way or other from the Sixth Circuit, though a panel has recently stated the Supreme Court's discussion in Jerman II "makes clear that mistakes of state law can give rise to liability." Wise v. Zwicker & Associates, P.C. , 780 F.3d 710, 713 (6th Cir. 2015).
Lacking binding authority directly on point, the Court concludes that an affirmative defense based on mistake of state law is not available to a defendant debt collector under Section 1692k. This is so because much of the Court's reasoning in Jerman II applies in equal force to mistakes of state law as it does to mistakes of the FDCPA. During its analysis, the Court provided the following justifications:
(1) "the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally" Jerman II , 559 U.S. at 581, 130 S.Ct. 1605 (quoting Barlow v. United States , 7 Pet. 404, 411, 32 U.S. 404, 8 L.Ed. 728 (1833).
(2) "[W]hen Congress has intended to provide a mistake-of-law defense to civil liability, it has often done so more explicitly than [under the FDCPA]." Id. at 583, 130 S.Ct. 1605.
(3) "Congress also did not confine liability under the FDCPA to "willful" violations, a term more often understood in the civil context to excuse mistakes of law." Id. at 584, 130 S.Ct. 1605.
(4) The statutory phrase "procedures reasonably adapted to avoid any such error" is "more naturally read to apply to processes that have mechanical or other such 'regular orderly' steps to avoid mistakes," and "legal reasoning is not a mechanical or strictly linear process." Id. at 587, 130 S.Ct. 1605.
(5) "[T]he uniform interpretations of three Courts of Appeals holding that the TILA defense does not extend to mistakes of law." Id. at 591, 130 S.Ct. 1605.[3]
(6) "[N]onlawyer debt collectors could obtain blanket immunity for mistaken interpretations of the FDCPA simply by seeking the advice of legal counsel." Id. at 602, 130 S.Ct. 1605.
(7) Concern over an "enforcement gap" under a contrary reading, where "consumers will have little incentive to bring enforcement actions where the law is at all unsettled, because in such circumstances a debt collector could easily claim bona fide error of law." Id. at 603, 130 S.Ct. 1605 (internal quotations omitted).
*775 The Court discerns no reason why this analysis should not apply to mistakes of state law as well. The conclusion is consistent with several other courts, including one from this district, to have discussed the issue. In Harden , the district court reasoned that each of the above justifications "also apply to mistakes of state law." Harden , 2016 WL 6997905, at *2. Similarly in McDermott v. Marcus, Errico, Emmer & Brooks, P.C. , 911 F.Supp.2d 1, 82 (D. Mass. Nov. 20, 2012), the court found that the principles used in Jerman II "lead to the conclusion that section 1692k(2) does not encompass mistakes based on state law." Id. The Court agrees that this conclusion is the best reading of the Jerman II decision as applied to mistakes of state law.
Defendant's arguments to the contrary are not persuasive. Defendants point out there is more complexity to Michigan law than the FDCPA, and rely on an out of circuit district court decision that found "[t]he trend in the case law appears to be toward allowing the bona fide error defense where the law is not clear." Gray v. Suttell & Associates , 123 F.Supp.3d 1283, 1289 (E.D. Wash. 2015). The cases cited in Gray , however, all predate the Supreme Court's decision in Jerman II. See id. Furthermore, any additional complexities in state law are insufficient on this record to distinguish the principles articulated in Jerman II or the courts' analyses in Harden and McDermott that found those principles bar debt collectors from raising a mistake of state law defense under Section 1692k.
Defendants also point out that the Supreme Court based its decision, in part, on reasons that may be applicable to mistakes of the FDCPA, but are not applicable to mistakes of state law. Defendants focus on the safe harbor provision in the FDCPA that provides protections for debt collectors who rely on advisory opinions from the Federal Trade Commission. Defendants admit the Court's analysis found that a reading Section 1692k to encompass mistakes of the FDCPA would render that safe harbor provision largely unnecessary and would in fact provide a perverse incentive for debt collectors to refrain from seeking advice from the FTC. Jerman II , 559 U.S. at 588, 130 S.Ct. 1605. But Defendants aver that these concerns would not be present when it comes to mistakes of state law. (ECF No. 237, PageID.3014-3015). The Court does not disagree with Defendants that the Court's decision in Jerman II contains analysis that is tailored to violations of the FDCPA, but that does not mean that the other principles articulated by the Court cannot be applied to mistakes of state law or are any less persuasive to the matter at hand.
Accordingly, Plaintiff's motion in limine regarding mistakes of state law will be granted.
B. Rule 37(c)(1)
Finally, Plaintiffs seek to prevent Defendants from introducing other evidence or argument that their violations are subject to the bona fide error defense because Defendants have not disclosed information indicating they maintained procedures reasonably adapted to avoid their violations. (ECF No. 231, PageID.2963). As noted, the third element of Section 1692k requires a debt collector to prove that "the collector maintained procedures reasonably adapted to avoid" the error. Jerman I , 538 F.3d at 476-77. Plaintiffs argue the procedures Defendants have disclosed "do not amount to procedures reasonably adapted to avoid the violations that the Court has already found as a matter of law." (ECF No. 231, PageID.2964). The Court agrees.
*776 Under the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure to was substantially justified or is harmless." FED. R. CIV. P. 37(C)(1). Defendants do not meaningfully argue they had procedures reasonably adapted to avoid the errors the Court previously identified and the Court is satisfied that a ruling in Plaintiff's favor will best avoid confusing the jury and unnecessarily lengthen the trial. Therefore, the Court holds that Defendants may not raise a defense based on Section 1692k based on any claimed process that was not disclosed to Plaintiffs.
ACCORDINGLY, IT IS ORDERED THAT
1. Plaintiffs' Motion in Limine (ECF No. 230) in Case No. 1:13-cv-1328 is GRANTED.
2. Plaintiff's Motion in Limine (ECF No. 149) in Case No. 1:14-cv-18 is GRANTED.
3. Plaintiff's Motion in Limine (ECF No. 135) in Case No. 1:14-cv-60 is GRANTED.
4. Plaintiff's Motion in Limine (ECF No. 141) in Case No. 1:14-cv-234 is GRANTED.

Unless noted, references to the record in this Order will refer to docket entries in Case No. 1:13-cv-1328.

Defendants argue the Court must deny the instant motion because it is merely a motion for summary judgment in disguise. The Court disagrees with Defendants that the matter cannot be resolved here. The motion seeks to prevent Defendants from offering argument and evidence that Plaintiffs contend would confuse the jury. This purpose falls squarely within those contemplated by motions in limine.

The TILA (Truth in Lending Act) is a statute from which language for the FDCPA's bona fide error defense was taken. Id. at 588-89, 130 S.Ct. 1605.